## S. W. Lane v. The State.

### No. 3509. Decided February 14, 1906.

**1.—Local Option—Evidence—Extraneous Offense—System.**

Upon a trial for a violation of the local option law, testimony that another party had a transaction with the defendant, which looked suspicious but was not similar to the transaction proven in the case, was inadmissible.

**2.—Same—Evidence—Declarations by Defendant.**

Upon a trial for a violation of the local option law, declarations by defendant subsequent to the alleged sale that the internal revenue man was in town, and that he borrowed money from the bank, was inadmissible.

**3.—Same—Charge Refused—Sale.**

Where upon trial for a violation of the local option law, the evidence showed that the prosecutor took two pint bottles of whiskey from defendant's wagon and threw two dollars under the wagon in the absence of the defendant, it was not sufficient on the part of the court to have simply defined a sale in abstract terms, and it was error to have refused a requested charge that the jury must believe beyond a reasonable doubt that defendant and the prosecutor made a contract by which defendant sold and delivered the said prosecutor the liquor, and that unless there was a prior agreement that the sale should be made in the form disclosed by said evidence to acquit the defendant.

**4.—Same—Case Stated—Insufficiency of Evidence.**

Where upon trial for a violation of the local option law there was no testimony showing that defendant knew of what was done with reference to the whisky by the alleged purchaser, or that he got the money therefor, or that there was a prior understanding as to the manner of sale, the conviction cannot be sustained.

Appeal from the County Court of Young. Tried below before Hon. Jo W. Akin.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*John C. Kay* and *C. W. Johnson,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of violating the local option law, and the punishment fixed at a fine of $25 and twenty days in jail. The evidence here shows that the alleged sale of the intoxicating liquor was at a reunion in Young County, which was held from the 16th to 18th of August, inclusive. Appellant and his father-in-law and partner (H. M. Jones) kept a restaurant at said

reunion grounds, and in connection therewith sold cold drinks, ice-cream and lemonade. A covered wagon was near their stand, and the testimony showed that this · wagon belonged to Jones; that in said wagon were some dozen or more bottles of whisky, marked Hill & Hill. It is also shown that some five or six days prior to the reunion, appellant ordered shipped to him by express $83 worth of Hill & Hill whisky which he received. It is also reasonably shown that the whisky in said wagon belonged to appellant, and was the same whisky received by him through the express company. The evidence as to the particular sale charged to have been made to Steen was to the effect, following: that Steen came by the wagon, looked in, saw some dozen bottles of Hill & Hill whisky in the box, and he took two pint bottles from the box, and threw $2 under the wagon; and that neither appellant nor his partner were present at the time, but were in the restaurant. There was no testimony showing that appellant saw what prosecutor did with· reference to taking the whisky or throwing the money under the wagon, or that appellant or his partner got said money.

There are bills of exception to testimony introduced by the State against appellant. The State introduced evidence to the effect that another party, to wit: one Stone had a whisky transaction with appellant during said reunion. This was introduced by the State evidently to show system. The facts in connection therewith were as follows: "That Stone asked defendant on one night during said reunion, 'if anything was doing?' Defendant said, 'may be so,' and then walked off about fifty yards or more. Stone followed, saw him put a pint bottle of whisky in the grass, and he came up, got it, and drank it; that he afterwards offered to pay appellant for the same, but appellant refused to receive the money." This looks like a suspicious transaction, but was not similar to the transaction proven in this case. So we do not think it was admissible.

The State also introduced a money transaction between appellant and the bank, in which he borrowed $35, and in that connection remarked, "that the internal revenue man was in town." Even if this testimony showed that he used that money to pay the Internal Revenue License, it was subsequent to the alleged sale, and we do not think it was admissible.

The court gave only a general charge on the subject of sale, as follows: "A sale within the meaning of the law, is a transfer of property having some value for a reasonable consideration in money or other things of value. The person parting with the property and receiving the consideration is in law called the seller, and the person parting with the price and receiving the goods or property is called the buyer, and in determining whether a sale has been made the jury will view the parties in the light of buyer and seller as above explained, and from that standpoint determine whether any property has been parted with, and if so was it for a valuable consideration. A sale may be shown by direct proof or it may be shown by facts and circumstances."

Then follows a charge on circumstantial evidence necessary to show a sale. While the court's charge in general terms may have been correct, we do not believe it was full enough or applicable to the question raised by appellant. Appellant asked certain charges, which we believe did present the questions upon which he relied, and this should have been given. The special charges on this subject requested and refused were, as follows: "The jury must believe from the evidence beyond a reasonable doubt that the defendant and the witness Steen made a contract, by which defendant sold and delivered to said Steen intoxicating liquor, or you must acquit defendant. And it is not sufficient that said Steen got two bottles of whisky, and left $2, unless there was a prior agreement that the sale should be made in that form, and the sale in this charge is the same as defined in the main charge." In view of the testimony we believe the special requested charge should have been given.

Moreover, we would state that we do not believe the testimony is sufficient to sustain the verdict. There is no testimony showing that appellant knew of what was done with reference to the whisky by the alleged purchaser, much less is there any testimony showing that he got the money the alleged purchaser says he threw under the wagon. Unless there was some prior understanding, that the sale should be made between the parties in that manner, or there was some testimony at least tending to show appellant received the money, knowing or having reason to believe it was for whisky taken from the wagon by appellant, he could not be convicted of a sale of whisky.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*