Staunton.

## CARTER V. COMMONWEALTH.

September 19, 1918.

1. APPEAL AND ERROR—*Harmless Error—Intoxicating Liquors—Carrying Liquor on Person or in Baggage.*—In the case at bar defendant objected that an instruction by the court below improperly and unlawfully distinguished between the right of a person to carry whiskey in his baggage and his right to carry it in his pocket.

   *Held:* That in the instant case the distinction was immaterial, because the defendant had in his possession more than the law allowed, even if it be conceded that having it in his pockets was equivalent to having it in his baggage.

2. INTOXICATING LIQUORS—*Transportation.*—Where defendant was arrested in a town hall with more than a quart of whiskey on his person and he did not live in the hall, an instruction is not erroneous which assumes that defendant was transporting the whiskey. His temporary presence there with the whiskey was sufficient evidence that he was carrying it about with him.

3. INTOXICATING LIQUORS—*Presumption and Burden of Proof.*—In a prosecution for violation of the prohibition act, if accused wishes to rely upon any matter in defense, the burden of proof rests upon him.

4. INTOXICATING LIQUORS—*Transportation—Instructions—Surplusage—Harmless Error.*—An indictment charged accused with unlawfully transporting more than one quart of ardent spirits and the court instructed the jury that, "You must believe beyond a reasonable doubt that he had this liquor where the law prohibits, and I have told you where he could have it and where he could get it." It was objected to this instruction that defendant was not charged in the indictment with unlawfully keeping or storing the liquor.

   *Held:* That upon this point, without conceding that the instruction, when viewed as a whole, was in any respect erroneous, it is sufficient to say that the jury found the defendant guilty, not of having or receiving the whiskey, but of transporting it contrary to law. Upon the facts stated, and

in the absence of any conflict of evidence, the instruction could not have prejudiced the defendant, since he was clearly guilty of the crime of which he was convicted; and the language complained of, while it may have been surplusage, cannot be regarded as harmful error.

Error to a judgment of the Circuit Court of Wise county.

*Affirmed.*

The opinion states the case.

*A. N. Kilgore,* for the plaintiff in error.

*John R. Saunders, Attorney- General,* and *J. D. Hank, Jr., Assistant Attorney-General,* for the Commonwealth.

KELLY, J., delivered the opinion of the court.

This case is brought here by Lee Carter, hereinafter designated as the defendant, who was indicted, tried and convicted for an alleged violation of the statute familiarly known as the Mapp prohibition law. The indictment contained two counts, the first charging him with unlawfully transporting more than one quart of ardent spirits, and the other charging him with unlawfully receiving such ardent spirits. The jury found him guilty only upon the first count, and the second may, therefore, be disregarded.

A demurrer to the indictment, which was overruled, raised certain constitutional questions which, subsequent to the granting of the writ of error herein, were settled adversely to the contention of he defendant. *Pine & Scott* v. *Commonwealth,* 121 Va. 812, 93 S. E. 652; *Cochran* v. *Commonwealth,* 122 Va. 801, 94 S. E. 329.

The defendant was arrested in the town hall at Norton; he was intoxicated, and had on his person two bottles, both of which contained whiskey. He made no statement at the time and did not testify or offer any evidence at the trial.

The record does not disclose where he got the whiskey, what he was doing in Norton, whence he came. or whither he was bound, except that he resided at or near the neighboring town of Glamorgan.

The assignment of error which is now chiefly relied upon (the demurrer to the indictment having been abandoned) arises upon the following instruction. given to the jury over the defendant's objection:

"Gentlemen of the jury, under that law, after the 1st day of November, the only way you can receive liquor is by written order sent out of the State. By sending a written order out of the State somewhere, you can buy a quart every thirty days and receive it from the express company by making affidavit that you have not received any, in this case, from the 1st day of November. You may carry it from the express office to your home, or if you are a *bona fide* traveler, if you were going to Cincinnati, Louisville, or Washington city on business, not to buy liquor, but going on other business, and you had not received a quart of liquor within thirty days, you could get a quart and put it in your grip, not in your pocket, and bring it home with you; you have no right to receive a quart and put it in your pocket and carry it all over the country. You must believe beyond a reasonable doubt that he had this liquor where the law prohibits, and I have told you where he could have it and how he could get it. You are not allowed to have liquor except at your home. He can have it at his home, or he may get a quart every thirty days; or he can have a gallon or two gallons at his home, and that is *prima facie*, even at his home, that he is a liquor seller, but the party would have the right to come in and show that he was not a liquor seller, but having any quantity of liquor on his person outside of his home, except by a *bona fide* traveler is illegal, except a *bona fide* traveler, or carrying it from the express office home."

In discussing this instruction two preliminary propositions were advanced by counsel for defendant: First, that the Commonwealth failed to prove that the alleged offense was committed subsequent to November 1, 1916, the date when the Mapp law (laws 1916, c. 146) took effect; and, second, that the Commonwealth failed to prove that the defendant had more than one quart of liquor in his possession. Neither of these propositions can be maintained. The record plainly shows that the offense was committed on the 7th of November (election night) next preceding the trial in April, 1917, and the petition upon which this writ of error was granted expressly states that only two witnesses testified in the case, and that both fixed the date as November 7, 1916. Equally clear is the proof (if it be material) that the defendant had in his possession more than a quart of liquor. He had two quart bottles in his hip pockets; both bottles contained whiskey and one of the bottles was full.

It was further insisted that the instruction improperly and unlawfully distinguished between the right of a person to carry whiskey in his baggage and his right to carry it in his pocket. This distinction, however, is immaterial in the present case, because, as we have seen, the defendant had in his possession more than the law allowed, even if it be conceded that having it in his pockets was equivalent to having it in his baggage.

What may perhaps be regarded as the chief objection to the instruction is that it improperly assumed that the Commonwealth had proved that the defendant was transporting the whiskey. We are unable to accept this view. The defendant did not live in the town hall, and his temporary presence there with the whiskey was sufficient evidence that he was carrying it about with him. If he wished to rely upon any matter in defense the burden rested upon him. *Lucchesi* v. *Commonwealth,* 122 Va. 872, 94 S. E. 925.

Further objection is urged to that part of the instruction which said to the jury, "You must believe beyond a reasonable doubt that he had this liquor where the law prohibits, and I have told you where he could have it and where he could get it." The argument is that this language was improper because the defendant was not charged in the indictment with unlawfully keeping or storing the whiskey. Upon this point, without conceding that the instruction, when viewed as a whole, was in any respect erroneous, it is sufficient to say that the jury found the defendant guilty, not of having or receiving the whiskey, but of transporting it contrary to law. Upon the facts already stated, and in the absence of any conflict of evidence, the instruction could not have prejudiced the defendant, since he was clearly guilty of the crime of which he was convicted; and the language complained of, while it may have been surplusage, cannot be regarded as harmful error.

The judgment was right and it must be affirmed.

*Affirmed.*