# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## SAGER v. COMMONWEALTH.

### November 16, 1922.

1. INTOXICATING LIQUORS—*Transportation—Traveler Carrying Liquor on Person not in Baggage—Case at Bar.*—The express permission of section 39 of the prohibition act (Acts 1918, chapter 388) to a traveler to carry as much as one quart of ardent spirits in his baggage is equivalent to an inhibition against carrying it on his person, and one traveling in an automobile with two companions, who were intoxicated at the time of his arrest, and who at that time had on the inside of a sweater, which he was wearing, a quart jar containing a little less than a pint of intoxicating liquor, is guilty of a violation of the law.

2. INTOXICATING LIQUORS—*Prohibition Act—Transportation not for Sale—Section 3 of Acts 1918, chapter 388, page 578.*—Under section 3 of the prohibition act (Acts 1918, chapter 388) forbidding any person "to manufacture, transport, sell, keep, or store for sale" ardent spirits, it is unlawful to transport liquor, except in the baggage of the accused, whether the liquor is for sale or not. The words "for sale" merely qualify the words immediately preceding, "keep, or store," and do not qualify the word "transport." The context and punctuation of the sentence demonstrate this.

Error to a judgment of the Circuit Court of Rockingham county.

*Affirmed.*

The opinion states the case.

*Chas. A. Hammer,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

The accused has been convicted of the unlawful transportation of ardent spirits.

The undisputed facts are, that he was traveling in an automobile from his home in West Virginia through Rockingham county, in this State, on his way to Danville, Virginia. His two companions were intoxicated at the time of his arrest and he had on the inside of a sweater, which he was then wearing, a quart jar which then contained a little less than a pint of intoxicating liquor.

[1] He assigns as error the giving of an oral instruction in these words: "Gentlemen of the jury, the law forbids the transportation of ardent spirits for any distance or for any period of time, except that it allows one to transport ardent spirits in his baggage, provided it is not to be used for an illegal purpose. He cannot carry it about his person at any time for any purpose. If he carries it, transports it, from one place to another, about his person, he is guilty of a violation of the law."

The question thus raised has been recently considered and determined by this court in *Snarr* v. *Commonwealth*, 131 Va. 814, 109 S. E. 592. It is there said: "It seems to us that the language of the act is so clear as hardly to need interpretation, and that it fails to sustain this contention. The language creates an exception to the general inhibition, and permits a traveler to carry a limited quantity of liquor in the baggage. The general inhibitions of the statute are qualified by the language of the permission authorizing it to be carried in the baggage, and the inference therefrom is that it cannot be carried on the person outside of his baggage. * * *

"It is not difficult to appreciate the policy which permits one to carry a limited quantity of liquor concealed from common view in his baggage, while it prohibits

the carrying of liquor upon the person, easily accessible for immediate use as a temptation to public drinking, both to the traveler himself and to others."

He and his companions deny that they drank from the jar carried by the accused, but they fail to disclose their source of supply. Certainly the partly emptied jar is suggestive, and this supply constituted a very present temptation in time of weakness.

[2] Another error assigned is the failure of the Commonwealth to show that the whiskey was transported for sale. This question was also considered and disposed of adversely to the contention of the accused in the case of *Snarr* v. *Commonwealth, supra,* in these words:

"It is also claimed that this instruction was erroneous because it was clear that the liquor was not being transported for sale. This contention is based upon the language of section 3, reading thus:

" 'It shall be unlawful for any person in this State to manufacture, transport, sell, keep, or store for sale, offer, advertise or expose for sale, give away or dispense or solicit in any way, or receive orders for or aid in procuring ardent spirits, except as hereinafter provided.' Acts 1918, page 578.

"We think the language clearly does not bear the construction contended for. The words 'for sale' there merely qualify the words immediately preceding, 'keep, or store.' It is lawful under some circumstances to keep or store a limited quantity of intoxicating liquor, but it is unlawful to keep or store such liquor for sale, except as it is expressly authorized for sacramental, medicinal, scientific, mechanical, or pharmaceutical purposes. The context and punctuation of the sentence demonstrate this. It is generally unlawful to manufacture liquor, whether for sale or not, as well as to transport liquor, whether for sale or not, and as to

these offenses there is no qualification suggested by the structure of the sentence, for immediately following the prohibition against transportation of liquor is the prohibition against the sale of liquor as an independent misdemeanor under the statute.    *Burton* v. *Commonwealth,* 122 Va. 847, 94 S. E. 923.

"There is no error in the instruction; for under the circumstances it was unlawful for the accused to transport liquor in this State, except in his baggage, whether for sale or not."

We adhere to these conclusions.    None of the rights of the accused have been ignored by the trial court, no other verdict could have been properly returned, and the judgment is plainly right.

*Affirmed.*