# Richmond.

## ALBERT QUIVERS v. COMMONWEALTH.

### January 18, 1923.

1. INTOXICATING LIQUORS—*Searches and Seizures—Search of Vehicle Under Acts 1920, Page 517—Evidence Thus Obtained—Case at Bar.*—Under section 4 of chapter 345 of the Acts of 1920 (Acts 1920, page 517) any officer empowered to enforce the laws with reference to intoxicating liquors may enter any vehicle of travel without a search warrant for the purpose of police inspection. Acting under this provision the sheriff of a county stopped defendant driving in a cart with a companion and found on the seat between them a quart bottle of corn liquor in a sack, and also found in defendant's pocket a bottle containing ardent spirits. Having found, on the seat between defendant and his companion, evidence that the occupants of the car were committing a misdemeanor in his presence, it was the sheriff's right and duty to arrest them and search their persons for further evidence of their guilt, and the evidence thus obtained was admissible in evidence against them.

2. ARREST—*Searches and Seizures—Right to Search Person of Party Legally Arrested.*—The right on the part of the government to search the person of the accused when legally arrested to discover and seize the fruits or evidences of crime has been uniformly maintained in many cases, and has been always recognized under English and American law.

3. ARREST—*Searches and Seizures—Right to Search Person of Party Legally Arrested—Baggage.*—The sheriff of a county acting under the provisions of section 4, chapter 345, of the Acts of 1920 (Acts 1920, page 517) stopped defendant driving in a cart with a companion and found on the seat between them a quart bottle of corn liquor in a sack, and also found in defendant's pocket a bottle containing ardent spirits. It was objected by counsel for defendant that the trial court erred in permitting witnesses to testify in regard to the spirits thus found, because the sheriff had no authority to stop, arrest and search defendant and his companion for ardent spirits without a search warrant. It was not contended, and there was no evidence in the record, that the sack in which the quart bottle was found should be regarded as personal baggage, or that it was closed, or was any such container as the statute (chapter 345, Acts 1920, section 4) exempted from search without a warrant.

*Held:* That the court did not err in allowing the witnesses so to testify.

4.  INTOXICATING LIQUORS—*Transportation of Ardent Spirits in One's Pocket.*
    —The possession and transportation of ardent spirits in one's pocket
    is a plain contravention of the prohibition act.

5.  INTOXICATING LIQUORS—*Transportation—Exclusive Possession of the
    Liquor—Case at Bar.*—In the instant case the sheriff of a county ar-
    rested defendant and his companion while driving in a cart or jumper
    and found on the seat between them a quart bottle of corn liquor in a
    sack, and a bottle containing ardent spirits in defendant's pocket.
    It was urged that the trial court should not have permitted the quart
    bottle so found in evidence, because being found on the seat of the
    cart between the defendant and his companion, it was not in the ex-
    clusive possession of the defendant.

    *Held:*  That section 28 of the prohibition act made the finding of the
    quart bottle *prima facie* evidence of guilt of both occupants of the
    cart.  Moreover, the bottle was found in what clearly appeared to
    be an exclusive joint possession of both occupants of the cart, and
    neither one of them offered any disclaimer or explanation.

6.  INTOXICATING LIQUORS—*Venue—Residence of Sheriff—Case at Bar.*—In
    the instant case a reversal was asked for on the ground that it did not
    appear that the offense was committed in York county.  The sheriff
    who arrested defendant testified that he was a resident of York
    county and resided in Poquoson district, and that the arrest and
    search took place in the lower end of Poquoson district.

    *Held:*  That as the law requires the sheriff to reside in the county for
    which he holds the office, there was plainly no merit in this assign-
    ment.

Error to a judgment of the Circuit Court of York
county.

                                        *Affirmed.*

The opinion states the case.

*C. S. Smith, Jr.*, for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr.,
Assistant Attorney-General,* and *Leon M. Bazile, Second
Assistant Attorney-General,* for the Commonwealth.

KELLY, P., delivered the opinion of the court.

Albert Quivers and Moses Russell were indicted for violating the State prohibition act (Acts 1918, page 578). The indictment was in the general form prescribed by section 7 of the act, and upon the trial of the defendant, Quivers, the jury rendered a general verdict finding him guilty and fixing his punishment at six months in jail and a fine of five hundred dollars. The lower court overruled a motion for a new trial and entered judgment in accordance with the verdict.

The defendant introduced no evidence, and the material facts, not in any way disputed, may be briefly stated as follows:

The sheriff of York county had been informed "that there were a lot of bootleggers," and he was looking out for them. One night about nine o'clock he met Quivers and Russell driving in a cart or jumper, and called to them to stop. They failed to heed his command, and he turned the car in which he was riding and overtook them. On the seat between them he found a quart bottle of corn liquor in a sack, and he also found in Quivers' pocket a pint bottle containing ardent spirits. Quivers made no explanation or statement whatever, nor did Russell, so far as the record discloses. The sheriff did not have either a search warrant or a warrant of arrest.

There are four assignments of error which we shall dispose of in the following order:

1. When the sheriff stated on the witness stand that he had acted without any warrant, the defendant moved the court to strike out and withdraw from the jury the whole of his testimony on the ground that the evidence was illegally obtained, but the court overruled the motion, and the defendant excepted. Two other witnesses introduced by the Commonwealth, who were with the sheriff at the time of the arrest, testified

43

substantially as the sheriff did, their testimony being objected to on the same ground, but the objection was overruled, and the defendant excepted.

In the brief of counsel for the defendant it is said that the trial court erred in permitting the witnesses "to testify in regard to the ardent spirits found in the pocket of the accused and on the seat of the cart in which he and Moses Russell were riding, because the sheriff had no authority to stop and arrest and search them for ardent spirits without a search warrant." In support of this contention counsel for the defendant rely upon chapter 345 of the Acts of 1920 (in force when the search and arrest were made), and the cases of *Gouled* v. *United States*, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647, and *Amos* v. *United States*, 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654.

[1, 2] It is manifest that these authorities do not sustain the proposition for which they are cited. Section 4 of chapter 345 of the Acts of 1920 (Acts 1920, page 517), expressly provides that any officer empowered to enforce the laws with reference to intoxicating liquors may enter any vehicle of travel without a search warrant for the purpose of police inspection. The sheriff, therefore, acted under and not against the authority of the statute upon which the defendant relies. Having thus found, on the seat between them, evidence that the occupants of the car were committing a misdemeanor in his presence, it was his right and duty to arrest them, and to search their persons for further evidence of their guilt. As we said in *Lucchesi* v. *Commonwealth*, 122 Va. 872, 94 S. E. 925, quoting from *Weeks* v. *United States*, 232 U. S. 383, 392, 34 Sup. Ct. 341, 344, 58 L. Ed. 652, 655 (L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177): "The right on the part of the government * * * to search the person of the ac-

cused, when lawfully arrested, to discover and seize the fruits or evidences of crime   *   *   *   has been uniformly maintained in many cases," and had been "always recognized under English and American law."

For the purpose of this case we are not called upon to say whether we are prepared to approve in their fullest extent the *Gouled* and *Amos Cases*, cited *supra*, because they are markedly different from the case at bar, and are not in conflict with the action of the trial court in admitting the evidence here complained of.   The *Gouled Case* related to private papers in which the government had no interest and which it had no right to confiscate, and the *Amos Case* involved the invasion of the defendant's home without a warrant of any kind.

[3] It is not contended, or even intimated, on behalf of the defendant, and there is no evidence in the record, that the sack in which the quart bottle was found should be regarded as personal baggage, or that it was closed, or was any such container as the statute (Ch. 345, Acts 1920, sec. 4) exempted from search without a warrant.

2. The two bottles found in the possession of the defendant, and their contents, were admitted in evidence over his objection, and this is assigned as error, "because the sheriff had no warrant and no authority to seize and take possession of the same."   Of this we need only repeat that the sheriff's action was fully authorized by the statute which the defendant invokes, and by the kindred rules of common law.

[4] 3. It is also insisted that the court ought not to have allowed the half pint bottle found in defendant's pocket to be used in evidence, "because it does not appear from the record that the possession of this bottle and its contents was a violation of the prohibition law." The possession and transportation of ardent spirits in

one's pocket is a plain contravention of the statute. *Carter's Case*, 123 Va. 810, 815, 96 S. E. 766; *Snarr's Case*, 131 Va. 814, 819, 109 S. E. 590; *Sager's Case*, 134 Va. 732, 114 S. E. 590.

[5] It is further urged that the quart bottle ought not to have been permitted in evidence, because, being found on the seat of the cart between the defendant and Moses Russell," it was not in the exclusive possession of the defendant, Quivers; citing *Henderson* v. *Commonwealth*, 130 Va. 761, 107 S. E. 700. The *Henderson Case* has no application here. The facts in that case were wholly different and it was controlled by a wholly different statute. Section 28 of the prohibition law made the finding of the quart bottle in the buggy *prima facie* evidence of guilt of both occupants thereof. *Moore* v. *Commonwealth*, 132 Va. 738, 111 S. E. 127; *Wampler* v. *Town of Norton*, 134 Va. 606, 113 S. E. 733. Moreover, the bottle was found in what clearly appeared to be an exclusive joint possession of both occupants, and neither one of them offered any disclaimer or explanation.

[6] 4. The remaining assignment of error is that the court ought to have set aside the verdict because it did not appear that the offense was committed in York county. The sheriff testified that he was the sheriff "of York county," that he *resided* "in Poquoson district," and that the arrest and search took place "in the lower end of Poquoson district." The law requires the sheriff to reside in the county for which he holds the office. Va. Const., sec. 32; Code, secs. 2703, 2704. There is plainly no merit in this assignment. *West* v. *Commonwealth*, 125 Va. 747, 750-751, 99 S. E. 654.

For the reasons stated, the judgment complained of is affirmed.

*Affirmed.*