# Richmond.

## THAD HOWARD v. COMMONWEALTH.

### March 20, 1924.

### Absent, Burks, J.

1. INTOXICATING LIQUORS—*Transportation—Finding Liquor not Prima Facie Evidence of Transportation.*—In a prosecution for transporting liquor, where the liquor was found in a car where accused was riding as a passenger, accused testified that he had no knowledge of the presence of the liquor and did not own it. The court instructed the jury that the finding of the whiskey in the car raised a *prima facie* presumption of the guilt of accused of transporting it, and that unless accused explained to their satisfaction that the ardent spirits did not belong to him they should convict him.

   *Held:* Error.

2. INTOXICATING LIQUORS—*Transportation—Evidence Sufficient to Support Verdict.*—In the instant case, a prosecution for the transportation of liquor, there was no evidence to show that accused was an actor in transporting the whiskey. He neither owned the car nor had any authority or control over the driver, nor aided or assisted in the transportation. He was a passenger, and there was no proof that he owned the liquor, or ever had it in his possession, or knew it was in the car.

   *Held:* That the evidence was insufficient to sustain the conviction.

Error to a judgment of the Circuit Court of York county.

*Reversed.*

The opinion states the case.

*John H. Bowen* and *Sidney Smith*, for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

WEST, J., delivered the opinion of the court.

Thad Howard, who was jointly indicted with Resie Nettles, Adolphus Sport and Jesse Smith, under the blanket form of indictment prescribed by section 7 of the prohibition act (laws 1918, chapter 388), was tried separately, and the attorney for the Commonwealth elected to prosecute him for unlawfully transporting ardent spirits. He was convicted and sentenced to confinement in jail for three months and to pay a fine of $250.00. This is a writ of error to that judgment.

The evidence was substantially the same as that in the *Nettles Case, post* page 850, 122 S. E. 111, decided today, and while the statement of facts in that case is made a part of this opinion, it need not be repeated. The only material difference was the evidence of one Charles, who testified that he had heard Howard's reputation as a violator of the prohibition law discussed by several persons; and the uncontroverted evidence of Thad Howard, the accused, that he did not own the bottle of liquor or know it was in the car, had not taken a drink from it, and did not see it until it was in the hands of the sheriff.

The accused complains of the action of the court in giving and refusing instructions.

[1] Instruction No. 1 granted for the Commonwealth was erroneous in that it told the jury that the finding of whiskey in the car raised a *prima facie* presumption of his guilt of transporting it, and that unless the accused explained to their satisfaction that the ardent spirits did not belong to him they should convict him. *Nettles* v. *Commonwealth, supra.*

The remaining assignment of error is the action of the court in refusing to set aside the verdict of the jury as contrary to the law and the evidence.

[2] There is no evidence to show that Howard was an actor in transporting the whiskey. He neither owned the car nor had any authority or control over the driver, nor aided or assisted Nettles in the transportation. He was a passenger, and there is no proof that he owned the whiskey, ever had it in his possession, or knew it was in the car.

For reasons stated here and in the *Nettles Case, supra,* the evidence is insufficient to sustain the conviction of the accused.

The judgment will be reversed, the verdict set aside, and the case remanded for a new trial not in conflict with the views herein expressed, if the Commonwealth shall be so advised.

*Reversed.*