# Richmond.

## RESIE NETTLES v. COMMONWEALTH.

March 20, 1924.

Absent, Burks, J.

1. INTOXICATING LIQUORS—*Transportation—Quart in Baggage.*—Under section 39 of the prohibition act (laws 1918, chapter 388) a person has the right to transport not exceeding one quart of ardent spirits in his baggage for the *bona fide* use of himself or his family. But this right is not to be exercised as a means of evading the intent and meaning of the law, and is not to be used contrary to the provisions of the law.

2. INTOXICATING LIQUORS—*Transportation — Less than a Quart in Baggage—Concealment.*—The liquor permitted to be carried in one's baggage by section 39 of the prohibition act (laws 1918, chapter 388) must be in the party's baggage and concealed from common view, and a quart bottle about half full of liquor carried in a paper handbag and half exposed to view does not fall within this provision.

3. INTOXICATING LIQUORS—*Transportation—Finding of Liquor not Prima Facie Evidence of Transportation.*—Section 28 of the prohibition act (Acts 1918, chapter 388), making the seizure of liquor in certain places *prima facie* evidence of the unlawful manufacturing, selling, etc., does not apply to the transportation of liquor, and therefore the finding of liquor in an automobile in which the accused was riding is not *prima facie* evidence of his guilt.

4. INTOXICATING LIQUORS—*Transportation—Evidence Sufficient to Support Verdict.*—In the instant case, a prosecution for the illegal transportation of liquor, the liquor was found on the back seat of the automobile of accused where another person had been riding, and in this person's handbag. This person had joined accused at a point on the road. Accused testified that he did not own the liquor and did not know it was in the car. There was no evidence that the liquor was ever in the possession of the accused or in the car with his knowledge.

*Held:* That a verdict of guilty was contrary to the evidence.

Error to a judgment of the Circuit Court of York county.

*Reversed.*

The opinion states the case.

*John H. Bowen* and *Sidney Smith,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

WEST, J., delivered the opinion of the court.

Resie Nettles was convicted of transporting ardent spirits and sentenced to three months confinement in jail and to pay a fine of $250.00.

On Thanksgiving day, 1922, the accused went to Hampton, Virginia, in his automobile to get Rosa Thomas and take her to her father's home in York county. He was accompanied by Thad Howard, who sat with him on the front seat, and neither of them got out of the car while in Hampton. Rosa Thomas, together with one Adolphus Sport, entered the car carrying a long paper bag, with handles at the top, such as is used to carry personal belongings, and they occupied the rear seat on the return trip. A short distance from her home, Jesse Smith joined them and also sat on the rear seat.

When the party reached York county, they were met by the sheriff and upon his demand the car was stopped and vacated. The officer searched the car and found a quart bottle about half full of whiskey in the handbag lying in front of the back seat vacated by Rosa Thomas, about half of the bottle being out of the bag and exposed to common view. The bag also contained a powder puff and a handkerchief. The sheriff returned the bag and contents, except the whiskey, to the owner of the bag, Rosa Thomas.

Resie Nettles testified, without contradiction, that he did not own the whiskey, had never seen it before, and did not know it was in the car or who put it there. There was no evidence that the whiskey was ever in the possession of the accused, or in the car with his knowledge, consent, or approval.

The accused complains of the action of the court in granting certain instructions on behalf of the Commonwealth.

We find error in the instructions for which the case would have to be reversed, but, for reasons which will hereafter appear, they need not be discussed here.

The remaining assignment of error challenges the action of the court in refusing to set aside the verdict of the jury as contrary to the law and the evidence.

[1] A person has the right under section 39 of the prohibition law (laws 1918, chapter 388) to transport not to exceed one quart of ardent spirits in his baggage for the *bona fide* use of himself or his family, and not as a means of evading the intent and meaning of the law, and not to be used contrary to the provisions thereof.

[2] The liquor so permitted to be carried must be *in* his baggage and concealed from common view. The policy of the law is to make it not easily accessible for immediate use as a temptation to public drinking. *Snarr* v. *Commonwealth*, 131 Va. 814, 824, 109 S. E. 590.

There can be no doubt that the paper handbag was Rosa Thompson's baggage within the meaning of the prohibition act, but it is manifest from the language of the statute that she had no right to carry a quart or less of ardent spirits therein half exposed to public view.

[3] The Attorney-General does not contend that there was any proof that the accused had knowledge of the presence of the whiskey in the car, but, relying upon *Quivers* v. *Commonwealth*, 135 Va. 671, 115 S. E. 564,

maintains that no proof of knowledge by the accused was necessary, because under section 28 of the prohibition act the finding of the bottle of whiskey in the car was *prima facie* evidence of the guilt of the accused.

With this contention we cannot concur. Section 28 provides that "whenever ardent spirits shall be seized in any room, building, boat, car or other place, searched under the provisions of this act, the finding of such ardent spirits . * * * in any such place shall be *prima facie evidence* of the *unlawful manufacturing, selling, keeping, and storing for sale, gift or use,* by the person, or persons, occupying such premises."

It will be observed that ardent spirits so found are not *prima facie* evidence of the unlawful *transportation* of liquor.

The accused, upon the election of the Commonwealth, was tried on the charge of unlawfully *transporting ardent spirits,* and it is clear that the statute has no application where, as in the instant case, the accused is tried *only* for unlawfully *transporting* liquor. The *Quivers Case* is not controlling here since Quivers was tried upon an indictment in the form prescribed by section 7 of the prohibition act, without any election on the part of the attorney for the Commonwealth, and the jury returned a general verdict of guilty.

[4] There is no evidence that the accused either knowingly transported or aided in transporting ardent spirits, in violation of the provisions of the prohibition act.

The verdict being contrary to the evidence, the judgment and verdict will be set aside, and the case remanded for a new trial not in conflict with the views herein expressed, if the Commonwealth shall be so advised.

*Reversed.*