## STATE, RESPONDENT, *v.* REDMOND, APPELLANT.

### (No. 5,676.)

(Submitted April 23, 1925. . Decided May 13, 1925.)

[237 Pac. 486.]

*Intoxicating Liquors — Illegal Transportation — "Transportation" — Definition — Information — Alleged Insufficiency — Failure to ask for Bill of Particulars—Appeal—Statutory Construction.*

Intoxicating Liquors—Illegal Transportation—Information—Failure to Apply for Bill of Particulars—Sufficiency Upheld.
1.   An information charging illegal transportation of intoxicating liquor in the language of section 11844, Revised Codes of 1921, that defendant "*at* the county of M. did willfully, wrongfully and unlawfully transport certain intoxicating liquors," *etc.,* was sufficient as against the contention that it was fatally defective for failure to charge that the offense was committed within the jurisdiction of the court; if deemed insufficient it was the duty of defendant to apply for a bill of particulars in advance of the trial.

Same—Construction of Liquor Law—Rules.
2.   In construing provisions of the liquor law, the intention of the legislature must be pursued so far as possible, and the language employed must be interpreted in accordance with its usual, ordinary and accepted meaning so as to give it validity and make operative all of its provisions; particular words and phrases being construed according to the context and their approved usage.

Same—"Transportation" of Liquor—Definition.
3.   *Held,* under the above rules (par. 2), that the "transportation" of liquor interdicted by the liquor law means a physical movement thereof from place to place for unlawful purposes and covers the movement of liquor by the accused on his person as well as by a vehicle under his control; that conveyance thereof for a short distance is sufficient to constitute the offense, and the fact that the transaction may also have amounted to a sale of the liquor—a delivery by the transporter to another for a price—is immaterial.

Same—Illegal Transportation—Evidence—Sufficiency.
4.   Evidence that defendant on request for a bottle of liquor' directed the intending purchaser to come with him to the back of a building there instructed him to. wait, and then went to an outhouse some twenty feet distant, there procured the liquor and carried it to where the purchaser was waiting and then walked with him a like distance before the liquor was delivered, *held* sufficient to show illegal transportation.

Same—Illegal Transportation—Instruction—Refusal — Nonprejudicial Error.
5.   Where the evidence clearly showed an illegal transportation of liquor prior to sale, rather than a mere transfer thereof, refusal of

an instruction which might properly have been given, to the effect that transportation means a carriage or conveyance of a thing from one place to another and does not merely mean a transfer of it from one person to another, was not reversible error.

Indictments and Informations, 31 **C. J.**, sec. 260, p. 708, n. 29; p. 711, n. 45; sec. 268, p. 717, n. 30.

Intoxicating Liquors, 33 **C. J.**, sec. 197, p. 582, n. 31, 34, 35, 38; p. 583, n. 55; sec. 503, p. 759; n. 98; sec. 547, p. 791, n. 50.

Statutes, 36 **Cyc.**, p. 1106, n. 29; p. 1114, n. 96; p. 1128, n. 58.

*Appeal from District Court, Madison County; Joseph C. Smith, Judge.*

ED REDMOND was convicted of transporting intoxicating liquor and appeals.   Judgment affirmed.

*Messrs. Canning & Geagan,* for Appellant, submitted a brief; *Mr. M. F. Canning* argued the cause orally.

The information, while following the form prescribed by statute, fails to state that the crime was committed at any place within the jurisdiction of the court.   The nature of the offense alleged made it necessary to allege and prove that, if committed at all, it was committed "in," "within," "through" or "across" Madison county, and "at" or "near" is not sufficient.   (*People* v. *Wang,* 92 Cal. 277, 28 Pac. 270; *State* v. *Landry,* 85 Me. 95, 26 Atl. 998; *State* v. *Beesskove,* 34 Mont. 41, 85 Pac. 376; *State* v. *Dow,* 71 Mont. 291, 229 Pac. 402.)

The evidence does not show such a "transportation" as the law prohibits.   (*State* v. *Thomas,* 25 Mont. 226–236, 64 Pac. 503; *DeGaff* v. *State,* 2 Okl. Cr. App. 519, 103 Pac. 538, 546; *Cunard S. S. Co.* v. *Mellon,* 262 U. S. 100, 27 A. L. R. 1306–1315, 67 L. Ed. 894, 43 Sup. Ct. Rep. 504; *United States* v. *Gudger,* 249 U. S. 373, 63 L. Ed. 653, 39 Sup. Ct. Rep. 323 [see, also, Rose's U. S. Notes Supp.].)

*Mr. L. A. Foot,* Attorney General, and *Mr. S. R. Foot,* Assistant Attorney General, for the State, submitted a brief; *Mr. S. R. Foot* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

By information, the defendant, Ed Redmond, was charged with unlawfully transporting intoxicating liquors. Upon his plea of not guilty, he was tried and found guilty, by verdict of a jury, and by the court sentenced to pay a fine of $300 and to sixty days' imprisonment in the county jail. Judgment was entered accordingly. The appeal is from the judgment and from an order denying the defendant a new trial.

The defendant specifies and argues eighteen alleged errors as reasons for a reversal of the judgment, but three of which are necessary to be considered in disposing of the appeal. These will be set forth and considered in their order.

1. It is contended that the information does not state a [1] public offense. The charging portion of the information reads: ''That said Ed Redmond, *at* the county of Madison, * * * did willfully, wrongfully, and unlawfully *transport* certain intoxicating liquors,'' *etc.* It is argued that it is fatally defective for failure to state that the crime was committed at a place within the jurisdiction of the court, and that the nature of the offense is such as to require an allegation that it was committed ''in,'' ''within,'' ''through,'' or ''across'' Madison county, and that ''at'' or ''near'' is insufficient. No objection was raised to the sufficiency of the language employed in the charge in the trial court by demurrer or otherwise. The information uses the language prescribed by the statute (sec. 11844, Rev. Codes 1921) in the model therein set forth. It is only necessary that the charge shall state jurisdictional facts and the offense in such ordinary and concise language as to enable a person of ordinary understanding to know what is intended. (*Id.*, sec. 11843; *State* v. *Beesskove,* 34 Mont. 41, 85 Pac. 376.) It is enough if therefrom it can be ascertained that the offense was committed at some place within the jurisdiction of the court. (*Id.*, sec. 11852.) Tested by these rules,

the information before us is sufficient. (*State* v. *Stickney*, 29 Mont. 523, 75 Pac. 201.) Had the defendant desired additional details as to the acts of transportation charged, he should have applied to the court for a bill of particulars in advance of the trial. (*State* v. *Fredericks*, 65 Mont. 25, 212 Pac. 495; *State* v. *Griebel*, 65 Mont. 390, 211 Pac. 331; *State* v. *Jenkins*, 66 Mont. 359, 213 Pac. 590; *State* v. *Dow*, 71 Mont. 291, 229 Pac. 402.)

2. Is the evidence sufficient to support the verdict? At the conclusion of the state's case the defendant moved the court to direct a verdict of not guilty because of the insufficiency of the evidence, and because of a variance between the charge and the testimony. The motion was denied.

It appears that on March 1, 1924, one E. R. Small, a state prohibition enforcement officer, was visiting the town of Sheridan, Madison county, in the course of his employment. He was a total stranger in that community, and there introduced himself as "Mr. Ross," and was known by that name. In the course of his operations in Sheridan, in the evening of that day he met Milton J. Murray, who introduced him to the defendant, Redmond, in front of what is known as the "Jasper Cox Pool Hall," at about 9:30 o'clock. It was then after the shadows of night had fallen. Small asked the defendant if he could get a bottle, and the former replied in the affirmative. Redmond proceeded around the corner of the building, followed by Small; the latter requesting Murray to wait. Redmond told Small not to come further and to send Murray back. Small followed Redmond around two corners of the building and waited at the far corner while Redmond went into an adjacent toilet to the rear of the building and procured a bottle of whisky. The toilet was situated a distance of twenty or twenty-five feet from where Small was left standing. Small testified in substance that the defendant remained in the toilet just a minute and came right out. After coming out of the toilet, he came back to the corner of the

building where Small was standing, and together they proceeded toward the street, a distance of twenty or twenty-five feet. Small asked the price, and, after some preliminary discussion with regard thereto as they walked along together, Small paid the defendant the amount he asked, $2.50, and the bottle was then delivered by Redmond to Small. The entire transaction did not consume more than five or six minutes. After making the purchase, both Small and Murray sampled the contents of the bottle.

Did the proof establish such a ''transportation'' of liquor as is contemplated by the statute? In construing the lan- **[2, 3]** guage employed, we must pursue the intention of the legislature so far as possible. (Sec. 10520; *Lerch* v. *Missoula Brick & Tile Co.,* 45 Mont. 314, Ann. Cas. 1914A, 346, 123 Pac. 25; *State ex rel. Carter* v. *Kall,* 53 Mont. 162, 5 A. L. R. 1309, 162 Pac. 385; *County of Hill* v. *County of Liberty,* 62 Mont. 15, 203 Pac. 500.) And, in interpreting its provisions, the language employed must be construed in accordance with its usual, ordinary and accepted meaning, so as, if possible, to give it vitality, and make operative all of its provisions. (Secs. 10519, 10520, Rev. Codes 1921; *County of Hill* v. *County of Liberty, supra.*) It should be so construed as to give a sensible and intelligent meaning to every part and avoid absurd and unjust consequences. (Sec. 516, Lewis' Sutherland on Statutory Construction, 2d ed.) And ''words and phrases used in the Codes or other statutes of Montana are construed according to the context and the approved usage of the language.'' (Sess. Laws 1921, Chap. 4, sec. 3.)

By the eighteenth amendment to the Constitution of the United States, which was ratified by the people of Montana, the ''sale or *transportation*'' of intoxicating liquor is prohibited. Our statute is substantially a copy of the Act of Congress known as the Volstead Act (41 Stats. 305 [U. S. Comp. Stats. Ann. Supp. 1923, sec. 10138¼ *et seq.*]), prohibiting the sale or use of intoxicating liquor. The section

upon which the information in this case is based, provides in part: "No person shall   *   *   *   manufacture, sell, barter, *transport,* import, export, deliver, furnish, or possess any intoxicating liquor except as authorized in this Act, and all the provisions of this Act shall be liberally construed to the end. that the use of intoxicating liquors as a beverage may be prevented." (Sec. 11049, Rev. Codes 1921.)

And section 11075, as amended by Chapter 116 of the Laws of 1923, prescribes a penalty as follows: "Any person who manufactures, sells, barters, transports, imports, exports, delivers, furnishes, or possesses any intoxicating liquor, in violation of any of the laws of the state of Montana, relating to intoxicating liquors, shall, for the first offense, be fined not less than two hundred ($200.00) dollars, nor more than one thousand ($1,000.00) dollars, and be imprisoned in the county jail not less than sixty days nor more than six months, and for a second or subsequent offense shall be fined not less than three hundred ($300.00) dollars nor more than two thousand ($2,000.00) dollars, and be imprisoned not less than six months nor more than two years in the state prison."

The word "transport" also appears in sections 11052, 11055, 11059 and 11060. In sections 11058 and 11071 the word "transported" is used, and in section 11073 both the words "transported" and "transporting" are employed. In the several sections of the statute wherein the word appears, including the section upon which the information is predicated (sec. 11049), by application of the rules of interpretation above stated, it is plain that a physical movement of liquor from place to place for unlawful purposes was intended. "Transportation" is one offense, and "sale" another and distinct crime. A "sale" is a contract by which, for a pecuniary consideration, called a price, one transfers to another an interest in property. (*Id.,* sec. 7581.) As used in a like statute, it is held to mean a contract by which one sells and delivers intoxicating liquors. (*Lane* v. *State,* 49

Tex. Cr. 335, 92 S. W. 839.) It is a delivery of property by one man to another in consideration of some price. (*Dunn v. Mayo Mills,* 134 Fed. 804, 67 C. C. A. 450.) There must be a consideration or price, a seller, a purchaser and a delivery of the thing sold. (*City of Iola* v. *Lederer,* 86 Kan. 347, 120 Pac. 354.) The evidence was sufficient to sustain a conviction for a sale of intoxicating liquor, but will it uphold a verdict of guilty for unlawful "transporting?"

"Transport" is by Webster defined to mean "to carry or convey from one place or station to another; to transfer, as to *transport* goods; to transport troops"; and "transportation" as the "act of being transported; carriage; removal; conveyance" (New Int. Dict.), and the words are similarly defined in the New Standard Dictionary.

The supreme court of the United States, in interpreting the meaning of the word "transportation" as used in the eighteenth amendment to the Constitution and in the National Prohibition Act, says that it "comprehends any real carrying about or from one place to another." (*Cunard S. S. Co.* v. *Mellon,* 262 U. S. 100, 67 L. Ed. 894, 43 Sup. Ct. Rep. 504, 27 A. L. R. 1306 [see, also, Rose's U. S. Notes Supp.]; 33 C. J. 493.) "It is not essential that the carrying be for hire, or by one for another; nor that it be incidental to a transfer of the possession or title. If one carries in his own conveyance, for his own purposes, it is transportation no less than when a public carrier, at the instance of a consignor, carries and delivers to a consignee for a stipulated charge." (*Cunard S. S. Co.* v. *Mellon, supra; United States* v. *Simpson,* 252 U. S. 465, 64 L. Ed. 665, 40 Sup. Ct. Rep. 364, 10 A. L. R. 510.)

The word "transport" covers the movement of liquor by the accused on his person as well as in a vehicle under his control. (*West* v. *State,* 93 Tex. Cr. 370, 248 S. W. 371; *Quivers* v. *Commonwealth,* 135 Va. 671, 115 S. E. 564.) Conveyance a short distance is enough (*Jentho* v. *State* (Okl.

Cr. App.), 200 Pac. 251), as, for example, transportation by the owner of liquor from one part of his farm to another is unlawful (*Scaggs* v. *Commonwealth,* 196 Ky. 399, 244 S. W. 799). To reason otherwise is to assign no office to the term "transport." It covers a distinct operation, wherein the carriage of intoxicating liquor from one point, place or station in space to another is the chief act in and of itself.

To "manufacture, sell, barter, transport, import, export, deliver, furnish, or possess," are independent acts, having a well-understood meaning, prohibited by the statute. Every one of them, save possession, involves some incidental physical movement of the contraband beverage, primarily characterized by other distinct features. The other sections of the Act above adverted to clearly illustrate the distinction to be made in the use of the word "transport."

Bearing in mind the rules of interpretation applicable, and [4] particularly the provisions of the Act itself, commanding that its provisions be "liberally construed to the end that the use of intoxicating liquors as a beverage may be prevented," it is plain that the facts in this case disclose a "transportation" of the liquor in violation of the statute. The facts do not disclose the mere transfer or delivery of the whisky from Redmond to Small in consummation of the sale, but rather that, in contemplation of a sale to an intending purchaser, Redmond went to the toilet in the rear of the poolhall, where he got the liquor, and carried it back to where Small was standing, approximately a distance of twenty feet or more, and then walked along with Small, carrying the liquor, for an additional distance of twenty or twenty-five feet, before the sale was consummated and the liquor delivered to Small. It is true that the facts disclose other independent offenses especially prohibited by the statute, committed by the defendant in connection with the one transaction, *viz.,* a barter, a sale, possession, delivery and the furnishing of liquor. However, the fact that more than one

offense was committed is beyond the scope of our inquiry. Here the movement of the liquor was for a substantial distance preliminary to a further infraction of the law. It consisted of more than the mere handing over or delivery of the liquor to the intending purchaser close enough to reach forth and receive it. (*De Gaff* v. *State,* 2 Okl. Cr. App. 519, 103 Pac. 538.) Had Redmond been intercepted by an officer before he had actually made delivery of the liquor carried by him to the intending purchaser, and had then been charged and convicted for "transporting," there is no doubt but what the evidence would be considered sufficient. The fact that the sale was actually consummated by a delivery makes no difference, since there was an actual carriage of the liquor from place to place in advance of the sale. The fact that with propriety the defendant could have been charged with a "sale" or other offense interdicted by the statute is of no consequence. He was charged with "transporting," and the proof supports the charge.

3. Did the court err in refusing to give to the jury the [5] defendant's offered instruction No. A? It reads: "You are instructed that transportation means the carriage or conveyance of a thing from one place to another—it is not the mere transfer of a thing from one person to another. You are therefore instructed that, unless you find from the evidence, beyond a reasonable doubt, that the defendant unlawfully transported intoxicating liquor at the time and place named in the information, your verdict should be not guilty."

As an abstract proposition of law, and consistent with our views herein expressed, this instruction was correct, and should have been given. However, since the evidence in this case clearly established a conveyance of the liquor from one place to another, comprising a "transportation" within the meaning of the statute, rather than the mere transfer or delivery of possession of the liquor from the immediate pos-

session of one to another, the court's refusal to give it is not reversible error.

The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS concur.

MR. CHIEF JUSTICE CALLAWAY, being absent on account of illness, takes no part in the foregoing decision.

Rehearing denied May 26, 1925.