## CLIFFORD *v.* THE·STATE.

CRIMINAL LAW.—*False Pretences.*—*Indictment.*—An indictment for obtaining goods by means of false pretences, practised by the defendant upon a person who, "relying upon said false representations," parted with his goods and was thereby defrauded, sufficiently shows him to have believed such representations to be true.

SAME.—*Solvency.*—*Nature of Pretence.*—A false representation by the defendant as to his solvency and ability to pay for ·goods obtained by means thereof, made by him to the person defrauded, in such manner as to deceive him, and as would deceive a man of ordinary intelligence, is sufficient to support an indictment therefor. ·

SAME.—*Instruction to Jury.*—*Province of Jury.*—The jury trying a criminal cause "have the right to determine the law and the facts." ·

SAME.—An instruction to the jury in such cause, alleging certain propositions therein stated to be law, and informing them that they are bound thereby, is erroneous.

SAME.—*Individual Opinion of Judge.*—An instruction ·by the court of its own motion to the jury in a criminal cause informed them that certain propositions, therein stated, were law, as determined by the Supreme Court, but ·that, though binding both him and ̀the jury, in the private opinion of the judge giving such instruction, such propositions would enable criminals to escape punishment.

*Held,* that such instruction is erroneous.

CASE MODIFIED.—*Jones* v. *The State,* 50 Ind. 473, modified. ·

From the Fountain Circuit Court.

*H. H. Dochterman,* for appellant.

*T. L. Stilwell,* Prosecuting Attorney, and *C. A. Buskirk,* Attorney General, for the State.

HOWK, J.—The appellant and one Albert Bush were jointly indicted by the grand jury of the court below, at its February term, 1877, for obtaining goods by false pretences. At the same term, appellant and said Bush appeared in person and by counsel, and jointly moved the court below to quash the indictment, which motion was overruled, and the defendants excepted. And the appellant and said Bush having been arraigned on said indictment, for plea thereto, said, that they were not guilty as therein charged. Upon appellant's motion, it was ordered

by the court that he and his codefendant be granted separate trials.

And thereupon the appellant was tried by a jury in the court below, and a verdict was returned, finding the appellant guilty as charged in the indictment, and assessing his punishment at two years' imprisonment in the state-prison, and a fine of five dollars. Upon written causes filed, the appellant moved the court below for a new trial of this cause, which motion was overruled, and to this decision appellant excepted. Appellant also moved the court below in arrest of judgment, which motion was also overruled, and appellant excepted. And judgment was then rendered upon the verdict by the court below, from which judgment this appeal is now here prosecuted.

In this court, the appellant has assigned the following alleged errors of the court below, to wit:

1st. In overruling the appellant's motion to quash the indictment.

2d. In overruling appellant's motion in arrest of judgment.

3d. In overruling appellant's motion for a new trial; and,

4th. In making the remarks and statements in reference to the law and instructions asked by the appellant, and given by the court below, as set out in the bill of exceptions filed March 7th, 1877.

The first two of these alleged errors call in question the sufficiency of the facts stated in the indictment in this cause, to constitute a public offence under the criminal law of this State. As necessary to a proper understanding of the questions thus presented for our consideration, we will set out the material part of the indictment in this case, omitting the merely introductory and formal parts thereof.

The indictment charged, " that Charles Clifford and Albert Bush, late of said county, on or about the 1st day of January, A. D. 1877, at and in said county and State

aforesaid, did then and there unlawfully, feloniously, designedly, and with intent to defraud one Thomas W. McClure, and for the purpose of obtaining credit of and from the said Thomas W. McClure, did falsely pretend to the said Thomas W. McClure, that they, the said Charles Clifford and Albert Bush, were then residents of the town of Covington, Fountain county, State of Indiana, and that they had located in said town permanently, and were going to carry on the business and occupation of tailoring and manufacturing cigars in said town, and that they were responsible for their debts and solvent, and the said Thomas W. McClure, relying on said false representations, and by means of said false representations and false pretences, the said Charles Clifford and Albert Bush did then and there feloniously obtain from the said Thomas W. McClure, on credit, one bedstead of the value of eighteen dollars, one moss mattress of the value of ten dollars, one set of chairs of the value of ten dollars, all the personal property of the said Thomas W. McClure, with the intent then and there and thereby to cheat and defraud him, the said Thomas W. McClure; whereas, in truth and in fact, the said Charles Clifford and Albert Bush were not then residents of the said town of Covington, Fountain county, State of Indiana, and had not located in said town permanently, and were not going to carry on the business and occupation of tailoring and manufacturing cigars in said town, and were not responsible for their debts and were not solvent, contrary to the form of the statute," etc.

This indictment, it will be seen, attempted to charge the appellant and his codefendant, Albert Bush, with the commission of the felony, which is defined, and its punishment prescribed, in and by the 27th section of "An act defining felonies, and prescribing punishment therefor," approved June 10th, 1852. 2 R. S. 1876, p. 423. This section reads as follows:

" Sec. 27. If any person, with intent to defraud another, shall designedly, by color of any false token or

writing, or any false pretence, obtain the signature of any person to any written instrument, or obtain from any person any money, transfer, note, bond or receipt, or thing of value; such person shall, upon conviction thereof, be imprisoned in the State's prison not less than two nor more than seven years, and fined not exceeding double the value of the property so obtained." 2 R. S. 1876, p. 436.

Appellant's counsel has very elaborately argued the question of the legal sufficiency, or rather insufficiency, of the indictment in this case. In so doing, he has displayed great zeal and ingenuity in his search for objections to the indictment, and much industry and ability in support of his objections, when found. We will consider, as briefly as we can, such of these objections as we deem most material. It is objected to the indictment, that it contains no allegation that the prosecuting witness believed that the representations made to him by appellant were true. It is alleged, that he relied upon the false representations, and it seems to us that this expression includes a belief in the truth of the false representations. The allegation used in the indictment is fully the equivalent of, and, we think, even stronger than, the one to which the objection applies. When it is said, that one relied upon a representation, the idea conveyed to the mind by the expression is, not only that he believed the representation to be true, but that upon his belief or faith he had acted, or was willing to act. In support of this objection, we are referred by appellant's counsel to the case of *Jones* v. *The State*, 50 Ind. 473. One single expression, when detached from the context, in the opinion written by the learned judge in the case cited, would seem to support the appellant's objection in this case, but when the entire opinion is examined, it will be readily seen that this expression was merely an inaccurate statement of the point really decided.

It is also insisted by appellant's attorney, as an objection

to the indictment, that the representations stated therein were not such as would induce a prudent or cautious man to part with his goods. It might perhaps be said, in answer to this objection, that it does not appear that all the inhabitants of this State are prudent or cautious men. Nor does it appear that the law, which appellant is charged to have violated, was solely enacted for the protection of the prudent or cautious people of this State. It is true, that it is not every false pretence, on which a criminal charge may be predicated; but such false representations of alleged existing facts, as might deceive the man of common intelligence, will support an indictment for obtaining goods under false pretences, and in such a case the party indicted ought not to be permitted to escape the punishment prescribed for the offence, upon the plea that a prudent or cautious man would not have been deceived by his false representations. It is unnecessary for us to consider this objection at any greater length. It is clear to our minds, that appellant's representations, in regard to his responsibility and solvency, if false, as charged in the indictment, in this case, were representations as to alleged existing facts, and were, therefore, sufficient to support the criminal charge, under the law of this State. *The State* v. *Magee*, 11 Ind. 154; and *Leobold* v. *The State*, 33 Ind. 484.

Still other objections were urged by appellant's counsel, to the sufficiency of the indictment in this case; but we need not set them out, nor consider them, as we have concluded that none of them were well taken. In our opinion, no error was committed by the court below, in overruling either appellant's motion to quash the indictment, or his motion in arrest of judgment.

The third alleged error, assigned by the appellant in this cause, is, that the court below erred in overruling his motion for a new trial. Several causes for a new trial were assigned by the appellant, in his motion therefor, addressed to the court below. In the view, however,

which we are compelled to take of the trial of the appellant, in the court below, as the same is made manifest in the record of this cause, it will be unnecessary, and perhaps would be improper, for us to express our views on any question presented by the motion for a new trial, other than the action of the court in its charge to the jury trying the cause. It appears by a bill of exceptions, which is properly in the record, that on the trial the appellant asked, and the court below gave, the following instruction, to wit:

"Gentlemen of the jury:—Before you can find the defendant guilty of obtaining goods under false pretences, as charged in the indictment, you must find that the pretences were false and made of an existing fact, and made for the purpose of inducing the prosecuting witness, Thomas W. McClure, to part with the goods, or some portion of the goods, mentioned in the indictment, and to which a person of ordinary caution would give credit; a pretence, therefore, that the defendant would do an act he did not intend to do, is not within the statute, because it is a mere promise for his future conduct."

It appears from the record, that immediately after giving this instruction to the jury, the court below, on its own motion and over the appellant's objection, made to the jury the following statements and remarks, on said instruction:

"This instruction, gentlemen, states the law as determined by our Supreme Court; my own individual opinion being contrary to this determination of the law on this question, that is, as to the question, that the false pretences must be of such a character as to induce a *prudent* or *cautious* man to part with his property. The view of the law, as taken by the Supreme Court of our State as to this question, in my opinion, would enable almost every confidence man to escape punishment; but my own private opinion and the determination of the law by the

Supreme Court are two different things.   I am bound by
the decision of the Supreme Court, and so are you, and
the case must be determined by the law as it is, and not
by my private opinion."

Comment upon these statements and remarks of the
court below, it seems to us, is wholly unnecessary.   Of
course, the judge of the court below, as a citizen, had the
same right as any other citizen, no more and no less, to
his " own individual opinion " as to the correctness of the
law as determined by this court.   But the court below
erred, in our opinion, when it gave to the jury trying
this cause the " individual opinion " of its judge, " being
contrary to this determination of the law " by this court.
Nor will the declaration, " I am bound by the decision of
the Supreme Court, and so are you," atone for this error;
for the latter part of this declaration was itself an error.
The jury were not bound by the law, as determined by
this court, for under the constitution of this State, " In
all criminal cases whatever, the jury shall have the right
to determine the law and the facts."   And it is in this, as
it seems to us, that the statements and remarks of the
court below, above set out, might work injustice, which
was not intended, to the appellant in this case.   For the
jury, who were the judges of the law and the facts, were
told by the court below, that, in the opinion of its judge,
the law, as determined by this court, " would enable
almost every confidence man to escape punishment;"
the implication, of course, being that the " individual
opinion " of said judge, which was " contrary " to the
law as determined by this court, would *not* enable any
confidence man to escape punishment.   The jury, who
were judges of the law and facts, after being fully informed
not only of the law of the case as determined by this
court, but also of the " individual opinion " of the judge
of the court below, as well of the law as of the effect of
the law, were told that they were bound by the law, and
sent out to make up their verdict.   Under these circumstan-

ces, can any one believe that the appellant had a fair and impartial trial in the court below? We think not.

For the reasons given in our opinion, the court below erred in overruling the appellant's motion for a new trial.

The judgment of the court below is reversed, and the cause is remanded, with instructions to sustain appellant's motion for a new trial, and for further proceedings; and the clerk of this court will issue the proper notice to the warden of the state-prison to return the appellant to the sheriff of Fountain county.