### KENNEDY, ADMINISTRATOR, v. BEBOUT ET AL.

INSTRUCTION TO JURY.—*Personal Opinion of Judge.—Law of the Case.—*It is error in a court, while properly announcing a principle of law laid down by the Supreme Court as the law of the case at bar, to supplement it by a statement that, in the opinion of the court giving the instruction, the principle so announced is erroneous.

From the Rush Circuit Court.

*J. Helm, Jr., W. Cassady* and *F. Bigger*, for appellant.
*L. Sexton, C. Cambern* and *B. L. Smith*, for appellees.

BIDDLE, J.—This is the same case as that of *Goddard* v.

*Bebout,* 40 Ind. 114. Goddard has since died, and it now comes up in the name of his administrator. We need not re-state the issues; they will be found in the reported case, and also the law which governs them. On its reversal and remandment, it was re-tried on the same issues, with the same result—a verdict for the appellees, the defendants below. The case is now presented upon exceptions to the instructions given and refused by the court, and upon the insufficiency of the evidence to sustain the verdict.

At the trial the court instructed the jury as follows:

"It is not necessary that there should have been an adequate consideration; it is sufficient if there was any at all. The Supreme Court have said, by Judge DOWNEY, in this case, that, if Goddard was induced to part with his money upon the faith of this agreement, it would be a sufficient consideration for it; and, although I do not believe this a true statement of the law applicable to such a contract, yet I am bound by it, and give it to you as the law by which you are to be governed."

This instruction is erroneous. The question was fully considered in the case of *Clifford* v. *The State,* 56 Ind. 245; HOWK, J., delivering the opinion of the court. The private belief or opinion of the judge can not make law, nor affect it in the least, however wise he may be. Law—to revert to an elementary principle which all are presumed to know—is a rule of action established by the supreme power in a state. It is not the belief of the judge. When the Supreme Court has delivered its official opinion upon the law of a given case, it is the supreme law of the State as to that case; and when the case, with the opinion, is remanded for a new trial, it is the duty of the circuit judge to obey it. He may entertain his beliefs or his disbeliefs, as he chooses; they may agree or disagree with the law of the land; but he must keep them separate from the law, while he is giving official instruction to a jury upon the

trial of a case which affects the rights of others, who are bound by the law, but not by his belief.

We express no opinion upon the sufficiency of the evidence.

The judgment is reversed, at the costs of the appellee, and the cause remanded with instructions to sustain the motion for a new trial, and for further proceedings according to this opinion.