[No. 2446]

JOE AZPARREN, RESPONDENT, v. C. P. FERREL, AS SHERIFF OF WASHOE COUNTY, NEVADA; C. S. NICHOLS, AS UNDER SHERIFF OF WASHOE COUNTY, NEVADA; ALTHEA CARTER, AS DEPUTY SHERIFF OF WASHOE COUNTY, NEVADA; AND LESTER D. SUMMERFIELD, AS DISTRICT ATTORNEY OF WASHOE COUNTY, NEVADA, APPELLANTS.

[191 Pac. 571]

1. REPLEVIN—PLAINTIFF MUST BE ENTITLED TO IMMEDIATE POSSESSION.

To maintain an action in claim and delivery, it is necessary for plaintiff to show that he is entitled to the immediate possession.

2. REPLEVIN—DOES NOT LIE TO RECOVER PROPERTY IN CUSTODY OF LAW.

While replevin lies to recover personal property unlawfully detained, property in custody of law cannot be so secured.

3. REPLEVIN—LIQUORS SEIZED FOR USE IN PROSECUTION FOR VIOLATING PROHIBITION LAW CANNOT BE REPLEVINED.

Where plaintiff, in transporting intoxicating liquor from one point in California to another, proceeded by the usual route, which lay in part through the State of Nevada, and was arrested, and the liquor being seized and held for use in the prosecution for violating the Nevada prohibition law, plaintiff cannot secure possession of the liquor by claim and delivery, but the prosecuting officers may hold the same until disposition of the criminal proceedings, for the common law as well as the common practice allows articles, which supply evidence of guilt of one accused found in his possession or control, to be taken by the officers of the law and held for introduction in evidence.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Proceedings in claim and delivery by Joe Azparren against C. P. Ferrel, Sheriff of Washoe County, Nevada, and others. From a judgment for plaintiff and an order denying new trial, defendants appeal. **Reversed, with directions.**

*L. D. Summerfield,* District Attorney, and *W. M. Kearney,* Assistant District Attorney, for Appellants:

The liquors were lawfully taken, having been seized

by police officers on an arrest made for an offense committed in their presence, and being *in custodia legis,* judgment in replevin cannot be properly rendered. "It is a well - settled doctrine of the common law that replevin will not lie for goods in the custody of the law, any interference with goods so held being considered an infringement of the prerogative of the court and a contempt thereof. The reason why property *in custodia legis* cannot be replevined is that to permit it to be done would be to interfere with the possession before the office of the law had been performed as to the process under which it was taken." 34 Cyc. 1367. "Neither can one take the property from the custody of the other by replevin, or any other process, for this would produce a conflict extremely embarrassing to the administration of justice." Feusier v. Lammon, 6 Nev. 209; Buckley v. Buckley, 9 Nev. 373. Lemp v. Fullerton, 83 Iowa, 192; Allison v. Hern, 169 Pac. 187; Ring v. Nichols, 91 Me. 478; Allen v. Staples, 6 Gray, 491; State v. Barrels of Liquor, 47 N. H. 369; McDonald v. Weeks, 2 Tenn. Civ. App. 600; McKeen v. Colpitts, 39 N. B. 256.

The prohibition act of Nevada makes it unlawful to have intoxicating liquors on a public highway for any purpose whatsoever, and contains no reservation excepting shipments in interstate commerce. Stats. 1919, sec. 7, p. 5.

*Moore & McIntosh,* for Respondent:

Property can come into the custody of the law only when taken in pursuance of a valid writ, issued out of the proper court and served by a duly authorized officer in the manner prescribed by law; or where an officer, acting within authority legally vested in him, makes a lawful arrest and after such arrest finds in the possession of the party arrested property connected directly with the crime for which the party is arrested. Replevin is the proper action, and the only proper action, to determine the right of respondent to transport the liquor

from Chilcoot to Masonic, Calif., through the State of Nevada. The testimony discloses that it was his intention not to unload any portion or to use any portion of the liquor within the State of Nevada. Being uncontradicted, his testimony must be taken as true. .

The arrest was without warrant and was not "for a public offense committed or attempted to be committed in his presence." Rev. Laws, 6953.

While it may not be necessary, the court should determine in the present action the question of unlawful arrest; when an arrest may be lawfully made; the question of unlawful search and seizure; when and how an officer may search either the person or the property of a citizen and seize his property. Fremont Weeks v. United States, 58 L. Ed. 382; Boyd v. United States, 116 U. S. 616; Bram v. United States, 42 L. Ed. 568; Ex Parte Jackson, 96 U. S. 727; United States v. Friedburg, 233 Fed. 313; Flagg v. United States, 233 Fed. 481.

Congress has reserved to itself and from the states the control of liquor which may be passing through any state and not intended for use in that state contrary to law. Clark Dist. Court. v. Maryland, 61 L. Ed. 326; Marengo v. State, 78 South. 450; Leisy v. Harden, 34 L. Ed. 136.

By the Court, SANDERS, J.:

This is a proceeding in claim and delivery to recover the possession of twenty cases of intoxicating liquors and one bottle of "Sunnybrook" whisky. The cause was tried before the court without a jury. The defendants appeal from the judgment in favor of plaintiff, and from an order denying their motion for a new trial.

The undisputed facts are as follows:

One Joe Azparren, while traveling by automobile upon the public highway in the night-time, on June 27, 1919, was halted by C. P. Ferrel, sheriff of Washoe County, and his deputies, Carter and Nichols, at the point of two sawed-off shotguns and an automatic pistol in the

hands of said officers. The automobile contained twenty cases of intoxicating liquors and one exposed bottle of whisky. Azparren was placed under arrest, the liquors taken into the possession of the officers, and brought to Reno, Nevada, where a criminal complaint was lodged against Azparren and his traveling companion by C. P. Ferrel, sheriff, before a justice of the peace of Reno township, charging Azparren with the crime of having intoxicating liquor on a public road. The accused were admitted to bail, and while the criminal accusation was pending and undetermined this action of claim and delivery was commenced by Azparren against said sheriffs and Lester D. Summerfield, district attorney of Washoe County, for the possession of said liquors.

A second amended complaint was filed in the action on January 20, 1920. The defendant sheriffs, by their answer, justify the apprehension and arrest of plaintiff and the seizure of the liquors upon the ground that they acted in an official capacity, in the performance of an official duty. The defendant, Lester D. Summerfield, by the same answer, admits that the liquors are held and detained by him, under his control and dominion, for the purpose, and that purpose alone, of being offered as evidence against the accused plaintiff at the trial of the criminal action pending and undetermined against plaintiff.

The trial court, in substance and effect, finds as facts that on the 27th day of June, 1919, Joe Azparren, the plaintiff, was traveling upon a public highway in Washoe County, by automobile, from the town of Chilcoot, in the State of California, across the State of Nevada to the town of Masonic, in the State of California; that at the time the plaintiff was, and had been employed to haul and convey twenty cases of liquor from Chilcoot, Calif., to Masonic, Calif., by a third party, and that in the performance of his employment he followed the customary and usual route from Chilcoot by crossing the State of Nevada to reach the town of Masonic. The

court further found that on said date it was lawful and legal, under the laws of California, to transport and convey intoxicating liquors over the public highway within said state, and that it was lawful and legal for plaintiff to transport said liquors over a public highway across Nevada in traveling from one point in California to another point therein. It further found that said sheriffs, unlawfully, without authority of law, and without the consent of plaintiff, seized and took into their possession said liquors, and that the same are now unlawfully detained, and that the claim of Lester D. Summerfield that said liquors are held as evidence to be offered in the criminal charge pending against plaintiff is without merit and unlawful, and specifically found that the averment of defendant sheriffs that plaintiff was apprehended and arrested in their official capacity is untrue; that plaintiff was not lawfully arrested, and that said liquors were not lawfully seized by said officers, or either of them.

Upon these and other findings not material here the trial court rendered and caused to be entered its judgment and order that said twenty cases of liquors and the one bottle of "Sunnybrook" whisky be delivered forthwith to plaintiff, and that in the event said delivery be not forthwith made that plaintiff have judgment against said defendants, and each of them, in the sum of $900 (the alleged value of said liquors).

We are of the opinion that the finding, and the conclusion of law deducible therefrom, that Lester D. Summerfield's claim and interest in and to said liquors (that interest being that such liquors are held for the purpose of use as evidence in the criminal case pending against Joe Azparren) is without merit and unlawful, is against law.

Of such importance as it may seem to appear for some justiciable pronouncement to be made as to the power and limits a peace officer may go in the enforcement of the prohibition law of this state, a question of equal

importance is whether or not a writ of replevin may be employed as an instrument to defeat the administration of the criminal law, and whether this can be done with impunity.   The record discloses the fact that the liquors are held and detained by Lester· D. Summerfield as the prosecuting officer of the State of Nevada, in and for the county of Washoe; that the liquors are under his control and direction, and are detained for the purpose only to be offered by him as evidence against plaintiff at the trial of the criminal action pending and undetermined before said justice of the peace.

1.   To sustain an action in claim and delivery, it is necessary for the plaintiff to show that he is entitled to the immediate possession of the property.   Hilger v. Edwards, 5 .Nev. 85.

2.   Furthermore, the rule is universal that replevin lies to recover personal property unlawfully detained, provided the property is not in the custody of the law. Buckley v. Buckley, 9 Nev. 373.

3.   We are of the opinion that where personal property is withheld by a district attorney as evidence against persons charged with crime, the accused has not the right to regain possession of the property by claim and delivery.   The seizure and retention of the liquors in this case by the district attorney. in no manner denies or affects the title of the true owner, or the ultimate right of his agent or servant to their possession, but simply postpones his right until the exigencies of the prosecution are satisfied.   The plaintiff has shown no right to the immediate possession of the property as against the power of the magistrate's court for police purposes.

The proceedings for the claim and delivery of personal property were not intended to repeal or render nugatory the police power of retention for purposes of public justice, and the owner's right of possession, his agent's or servant's, cannot be enforced while the circumstances justify such retention.   Simpson v. St. John, 93 N. Y. 363.   Say the court:

"It is not only the common practice, but the requirement of the common law, that articles which may supply evidence of guilt of a party accused, found in his possession or under his control, may be taken in possession by the officer officiating in making the arrest; and, indeed, it is the duty of such officer to take into his possession and retain such articles, subject to the power and direction of the court or justice having cognizance of the alleged crime. This principle is one, of necessity in the administration of the criminal law, and it is generally recognized by the courts of the country with few, if any, exceptions." Commission & Stock Co. v. Moore, 13 App. D. C. 78; Comm. v. Dana, 2 Metc. (Mass.) 329; State v. Robbins, 124 Ind. 308, 24 N. E. 978, 8 L. R. A. 438; Spalding v. Preston, 21 Vt. 9, 50 Am. Dec. 68; McDonald v. Weeks, 2 Tenn. Civ. App. 600; United States v. Wilson (C. C.) 163 Fed. 338; 24 Am. & Eng. Ency. Law, 505.

The production and identification of the seized liquors are essential to the conviction of the accused plaintiff upon the charge of having intoxicating liquors upon a public road. If, by this proceeding, the liquors are to be taken by judicial process from the officer, upon whom rests the duty of prosecuting the offender, it would be possible for the accused to put out of the way evidence necessary to his conviction. But it is strenuously objected that the particular liquors held to be offered as evidence in the pending prosecution against plaintiff were obtained and are held in ruthless violation of the law without a warrant, either for the arrest of plaintiff, the automobile or its contents. These are questions that may properly be presented for deliberative consideration when the liquors are offered as evidence. We advance no opinion as to the competency of the evidence under the existing facts and circumstances under which they are held, but simply decide that a writ of replevin cannot be converted into a process to render nugatory the administration of the criminal law. We decline to take from the prohibition act, conceded to be difficult of

enforcement, aught that will diminish its efficiency. While at no time should the act be given a construction that will make it an instrument of dishonesty, of oppression, and an object of odium, still we shall not suffer one charged with its violation in a proceeding under claim and delivery to defeat the whole object and intention of the law.

The judgment is reversed, and our order is that the case be remanded, with directions to the lower court to suspend any further proceedings therein until such time as the trial of the case of the State of Nevada against Joe Azparren, pending in the justice court of Reno township, Washoe County, has been finally determined.