## Epple *v*. State of Indiana.

[No. 23,807.   Filed January 11, 1921.]

1.   ASSAULT AND BATTERY.—*Evidence.*—*Materiality.*—In a prosecution for assault and battery upon the driver of a wagon with which the defendant's automobile collided, where the prosecuting witness testified that the assault was without cause, and the defendant testified in effect that, though he believed the prosecuting witness intended to throw a chunk of coal at him, he proceeded toward the prosecuting witness, that the latter dropped the coal and raised a shovel as though to strike, but that defendant continued going forward, knocked the shovel out of the prosecuting witness' hand and then struck him, evidence as to whether the defendant ran his automobile into the wagon intentionally was immaterial.   p. 89.

2.   CRIMINAL LAW.—*Assault and Battery.*—*Opinion Evidence.*— *Condition of Person Assaulted.*—In a prosecution for assault and battery, the opinion of the physician who attended the prosecuting witness whether, at the end of ten days or two weeks, a person who had suffered from such injuries as those received by the prosecuting witness would be in a strong or

a weakened condition because of the injuries, was competent, the physician having shown himself qualified to give an opinion. p. 89.

3. CRIMINAL LAW.—*Instruction on Reasonable Doubt.—Necessity.*—The failure to give instructions on the subject of reasonable doubt and as to the jury being the judges of the law and facts, though not a commendable practice, is not reversible error in the absence of a request for such instructions. p. 90.

From Clay Circuit Court; *Thomas W. Hutchinson,* Judge.

Prosecution by the State of Indiana against Edward Epple. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Rawley & Baumunk,* for the appellant.

*Ele Stansbury,* Attorney-General, and *Remster A. Bingham,* for the state.

MYERS, J.—Appellant, in the Clay Circuit Court, was convicted of assault and battery on one Taylor Wells. His motion for a new trial was overruled, and this ruling is assigned as error.

Appellant, in his brief under the heading of "Points and Authorities," directs our attention to certain alleged errors of the trial court as the only grounds for a reversal of the judgment. These contentions will be considered in the order presented. But before going to them, we will state briefly the facts which seem to be admitted.

The prosecuting witness and the defendant were the only witnesses who testified as to what took place immediately before, at the time, and immediately after the alleged assault and battery. Both of these witnesses agree that on January 12, 1920, the prosecuting witness was walking and driving a team of horses hitched to a wagon loaded with coal, upon a public highway in Clay City, and that appellant was driving an auto, both going in the same direction, with the

prosecuting witness in the lead. The prosecuting witness stopped his team, and the auto struck the rear end of the wagon. The testimony of these two witnesses as to what was said between them and the actions of each at the time of the collision is in direct conflict. However, they do agree that the prosecuting witness was standing on the north side of his wagon when appellant got out of his machine and went forward to him, and the battery followed immediately.

Appellant, while on the stand in his own behalf, was asked whether or not he intentionally ran his automobile against the wagon of the prosecuting witness? An objection to this question was sustained. The evidence of the prosecuting witness tends to prove that appellant assaulted him without cause, while appellant in effect testified that before he got out of the machine the prosecuting witness, incited by the collision, picked up a chunk of coal, and from his actions he was led to believe that he intended to throw it at him. However, as he approached the prosecuting witness the latter dropped the coal and picked up a shovel which, although raised to a striking attitude, did not deter him from going forward and knocking it out of his victim's hands. He then struck him two or three times in the face. Under this state of the record the proposed evidence of intention was immaterial, and its exclusion was not error.

Dr. T. M. Weaver, a witness for the state, with sixteen years in the practice of medicine, and a graduate of the Illinois Medical College at Chicago, who dressed the injuries of the prosecuting witness and attended him professionally for ten days or two weeks on account thereof, followed by attention for influenza which lasted an additional ten days or two weeks, after describing the injuries to the jury, was asked "whether or not at the end of ten days or two

weeks, a person who had suffered from such injuries as you have described to the jury would be in a strong or weakened condition." Over appellant's objection for immateriality, the witness answered, "He would be in a weakened condition." If the objection may be considered as sufficiently definite, we see no harm in the answer, for the reason that the witness had shown himself competent to give an opinion on the subject of the inquiry, and, while such opinion might tend to show the extent of the injuries sustained, it was competent corroborative testimony of the party assaulted.

Lastly appellant contends that the court erred in failing to define reasonable doubt in its instructions to the jury, and in failing to tell the jury that it was 3. the exclusive judge of the law and the facts pertaining to this case. Appellant tendered no instruction covering either of these points. While we cannot commend a set of instructions given in a criminal case tried in this state, with omissions such as here pointed out, yet, under the decisions of this court, we would not be warranted in sustaining appellant's contentions and in reversing the judgment. *Colee* v. *State* (1881), 75 Ind. 511; *Keyes* v. *State* (1890), 122 Ind. 527, 23 N. E. 1097; *Reynolds* v. *State* (1897), 147 Ind. 3, 10, 46 N. E. 31; *Gross* v. *State* (1917), 186 Ind. 581, 117 N. E. 562, 1 A. L. R. 1151; *Corn* v. *State* (1912), 177 Ind. 158, 97 N. E. 421.

Judgment affirmed.