## WILLIAM JOHNSON LAND AND LIVE STOCK CO. *v.* HARRIS, Sheriff

### No. 2619

January 5, 1925.                    231 Pac. 1095.

1. Replevin—Plaintiff Must Show Himself Entitled to Immediate Possession.

    In action of claim and delivery to recover possession of personal property, plaintiff must show himself entitled to immediate possession.

2. Replevin—Claimant Not Required to Establish Ownership.

    Claimant in action for claim and delivery is not called upon to establish ownership but merely right to immediate possession.

3. Sheriffs and Constables—Defendant Sheriff, Justifying under Execution, Held Required to Show Execution Issued on Valid Subsisting Judgment.

    Where sheriff, defendant in replevin, justifies under execution, and attacks plaintiff's title on ground of fraud, he must show execution was issued on a valid subsisting judgment; plaintiff being a stranger thereto.

4. Frauds, Statute of — Sheriffs and Constables — Sheriff, Justifying under Execution on Judgment Declared Void, May Not Attack Plaintiff's Title or Agreement under Which He Claims.

    Where execution under which sheriff justifies was issued on judgment determined to be void, sheriff has no foundation for attack on plaintiff's title as fraudulent, and is not in position to attack agreement by which plaintiff acquired its right or claim, as violative of Rev. Laws, sec. 1078.

5. Appeal and Error—Court's Determination as to Validity of Judgment on which Defendant Sheriff Predicates His Claim Not Disturbed if Supported by Substantial Evidence.

    Whether judgment and execution thereon on which sheriff, as defendant in replevin, predicates his right is valid as against plaintiff is question peculiarly for court sitting as jury, whose determination will not be disturbed if supported by substantial evidence.

6. Replevin—One Entitled to Personalty, though Not Owner, May Replevin from One Having No Better Right.

    One entitled to personalty, though not owner, may replevin from one who can show no better right.

7. Sheriffs and Constables—Plaintiff Held Entitled to Possession as against Defendant Sheriff Who Seized under Execution.

    Plaintiff, to whom its debtor had delivered property for purpose of sale and application of proceeds to the debt, *held*, as against sheriff seizing the property under execution on void judgment against debtor, entitled to possession of property.

See (1, 2, 6) 34 Cyc. p. 1387, n. 54; p. 1389, n. 65; p. 1390, n. 68; (3, 7) 35 Cyc. p. 1749, n. 49; p. 1843, n. 33; (4) 27 C. J. sec. 392, p. 307, n. 62; (5) 4 C. J. sec. 2855, p. 884, n. 37.

APPEAL from Fourth Judicial District Court, Elko County; *E. J. L. Taber,* Judge.

Action by the William Johnson Land and Live Stock Company against J. C. Harris, as sheriff of the county of Elko. From judgment for plaintiff and order denying new trial, defendant appeals. **Affirmed.**

*Milton B. Badt* and *James Dysart,* for Appellant:

It is elementary that plaintiff in replevin must recover on strength of his own title and not on weakness of his adversary's, and he must establish his right to possession by preponderance of evidence. Mountain Home Sheep Co. v. Faraday, 212 Pac. 970.

Contract, reiterating words "rent" and "lease" created relation of landlord and tenant, and not that of owner and cropper. If contract gives owner his share as rent, occupant is tenant; if it gives occupant his share as compensation, he is cropper. Mull v. Boyle, 171 Pac. 652; Gray v. LaFayette, 27 N. W. 311.

As contract amounts to lease, crops and increase belong to occupant, whether he pays rent in money or share of products. He is owner pro hac vice, with title until division and delivery. 24 Cyc. 1191, 1465, 1469, 16 R. C. L. 912; Mountain etc. Co. v. Faraday, supra.

As title did not pass, plaintiff cannot maintain action in replevin because it relies upon no other circumstance to support its title. There was no marking, no change of condition or position, no exclusiveness of possession, no delivery nor even symbolic delivery. Wilson v. Hill, 17 Nev. 401; Lawrence v. Burnham, 4 Nev. 361.

Purported agreement whereby Johnson was to take over property is void for uncertainty in regard to number, amount, price, time, terms, and all other details. So vague a contract is unenforceable in law or equity. Williston on Contracts, sec. 18; Donovan v. Bull etc. Co., 198 Pac. 436.

*Mack & Green* and *A. F. Lasher,* for Respondent:

Creditors whose claims were included in judgment against Thueson elected to take it against him as

individual rather than against copartnership, whereby their claims against it became merged in judgment against him. 30 Cyc. 596.

Statement upon which judgment was entered was not sworn to, and was therefore void. Rev. Laws, 5250; Bryant v. Harding, 29 Mo. 347.

Decision will not be disturbed on appeal where there is substantial evidence to support it. DeRemer v. Anderson, 41 Nev. 288.

Judgment by confession must be based on strict compliance with statute. 23 Cyc. 699. Execution issued under void judgment is void. 15 R. C. L. 739.

Firm creditors have prior claim. 46 L. R. A. 494; Hannon v. O'Dell, 43 Atl. 147.

One partner cannot sue another until account is settled. 30 Cyc. 461.

Partners cannot give individual creditors preference. Conway's Admrs. v. Stealey, 28 S. E. 793; 30 Cyc. 551.

Sheriff committed trespass in attaching specific property described in complaint instead of partnership interest of Thueson. 46 L. R. A. 481; Tait v. Murphy, 80 Ala. 440.

Partnership is not dissolved until business ceases. 20 R. C. L. 963.

Even after dissolution, partners are estopped to deny partnership to injury of those whom they have lead to deal with them on faith that partnership still existed. Fetter on Equity, 47.

Judgment confessed for purpose of hindering, delaying or defrauding creditors is void. Rev. Laws, 1083.

General rule is where demise is made, term created, exclusive possession given, and produce is to be paid as rent, contract is lease; but where occupant covenants to deliver portion of crop, contract is cropping agreement—a letting on shares—and parties are tenants in common of crop. Putnam v. Wise, 1 Hill, 247; Bernal v. Hovious, 17 Cal. 544.

Defrauded stranger may impeach, even collaterally, judgment by proof of fraud in obtaining it. 17 Am. & Eng. Enc. Law, 849; Freeman on Judgments (3d ed.), Pars. 336, 337.

No writing is necessary to constitute pledge. 31 Cyc. 796.

Lessor may terminate tenancy when lessee repudiates it. 24 Cyc. 1353.

## OPINION

By the Court, SANDERS, J.:

The William Johnson Land and Live Stock Company, a Nevada corporation, brought this action of claim and delivery to recover possession of 25½ bags of wool, 2 tons of alfalfa seed, 340 tons of hay, 80 head of cattle, 50 thoroughbred sheep, and 200 grade sheep, which the defendant, J. C. Harris, while acting as sheriff of Elko County, justified taking upon a writ of execution issued from the district court of that county upon a judgment rendered in favor of Bank of Wells v. Alma Thueson for the sum of $3,147.82. The case was tried to the court without a jury, and resulted in a judgment in favor of the plaintiff and against the defendant for the possession of the property. The defendant appeals from said judgment and from an order denying the defendant's motion for a new trial.

1, 2. Without reviewing the pleadings or going into the evidence except in so far as it may be necessary to make clear the conclusion we have reached, we are of opinion that in this, as in any case of claim and delivery, the action merely determines the right of possession at the time of the commencement of the action. In an action to recover personal property it is necessary for the plaintiff to show that he is entitled to immediate possession. Hilger v. Edwards, 5 Nev. 84; Azparren v. Ferrel, 44 Nev. 157, 191 P. 571, 11 A. L. R. 678; 23 R. C. L. 866. In such action the claimant is not called upon to establish ownership; merely a right to the immediate possession of the property is sufficient. Parke v. Franciscus (Cal. Sup.) 228 P. 435. The action is essentially a possessory one, and ownership is only incidental to the main issue. Cobbey on Replevin (2d ed.), sec. 91.

3, 4. In the present case it is argued on behalf of the

defendant that the plaintiff's claimed right to the possession of the property is founded solely upon its alleged ownership thereof, and, plaintiff having failed to establish title to the property, such failure carried with it its claimed right to possession. Conceding, but not deciding, that the plaintiff's right to the immediate possession of the property is founded upon its alleged ownership and right to possession, we are of opinion that, since the trial court expressly found that the judgment under which the defendant justified was void as to the plaintiff, the defendant is in no position to assail plaintiff's title to the property as being fraudulent as against Thueson's creditors. Where a sheriff justifies under an execution and seeks to attack the title of the plaintiff in replevin on the ground of fraud, the plaintiff being a stranger to the judgment upon which the execution is based, the sheriff must show that his execution was issued upon a valid subsisting judgment. Wyatt v. Freeman, 4 Colo. 14; Cobbey, sec. 806. The judgment under which the defendant justified having been declared void, there was no foundation for the defendant or any one claiming under him to attack plaintiff's title as fraudulent. Wilson v. Martin, 44 Mich. 509, 7 N. W. 83. For the same reason we are of opinion that the defendant is in no position to assert and contend that the agreement by virtue of which the plaintiff acquired its right or claim to the property is within our statute of frauds. Section 1078, Revised Laws.

5. The court found the facts and circumstances in connection with and attendant upon Alma Thueson's confession of judgment in favor of the Bank of Wells were such that the judgment and execution under which the defendant justified was void as to the plaintiff. This question was one peculiarly within the province of the court sitting as a jury to determine. The court having found upon conflicting evidence the judgment to be void, and there being some testimony of a substantial nature to support the finding, we are in no position to disturb it. Assuming, then, the correctness

of the finding, the plaintiff is entitled to the possession of the property, providing it proved its right to it. Feusier v. Lammon, 6 Nev. 209.

In this case plaintiff leased its ranch and stock to one Alma Thueson on such terms that plaintiff had a one-half interest in the products raised on the ranch and the increase of the stock during the term, which was for a period of three years from December 1, 1917. The lower court found upon conflicting evidence that the lease was carried on by one O. J. Hutchinson and said Alma Thueson as copartners under the firm name of Hutchinson & Thueson; that the firm in carrying on the lease became indebted to plaintiff for the value of a number of tons of hay and other products furnished and money loaned during the term; that, while so indebted, and while in the occupancy of the premises and in possession of the property in controversy, the firm of Hutchinson & Thueson, within a few months of the end of the term, to wit, in October, 1920, entered into an agreement with plaintiff whereby it was understood and agreed that the firm would turn over and deliver to plaintiff all the property in controversy, and that the plaintiff would sell all or any portion of the firm's undivided one-half thereof and from the proceeds of said sale the plaintiff would pay the firm's indebtedness to it and return the balance, if any remained, to the firm. The property was delivered, and plaintiff took possession thereof in accordance with said agreement, and, while so possessed, the defendant as sheriff wrongfully and unlawfully seized and took possession of the property, and wrongfully and unlawfully detained the same.

Counsel for the respective parties argue that the agreement of October, 1920, constituted a sale or a pledge of the property. There are no words of sale in the agreement; nor is there anything in it indicating an intention on the part of the firm to transfer to plaintiff the ownership of its undivided one-half of the property, but, on the contrary, we find stipulations in it utterly inconsistent with such intention. Thus it is provided in

the agreement that the plaintiff have the custody and control of the property and sell all or any portion of the firm's half thereof and apply the proceeds of sale to the payment of the firm's indebtedness to plaintiff and account to the firm for the balance, if any, thereafter remaining from said sale. There are certainly no words in the agreement which indicate an intention on the part of the firm to transfer the property to plaintiff in pledge as security for its indebtedness to plaintiff. It is obvious from its stipulations that the plaintiff was to have full and entire control of the sale of the property, and that there was imposed upon the owners the duty to deliver the property to plaintiff, and upon plaintiff the duty to sell all or any portion of the firm's half for the purpose stated, and to account to the firm for the proceeds of said sale. There could be no effectual sale without delivery of the property, and there could be no delivery of possession if the property was not in plaintiff's custody or control, or, in other words, in its actual possession. As between the parties the agreement was executed. It may be that the agreement gave plaintiff a money interest in the property, but as to this the lower court made no decision or finding.

6. It is well settled that one entitled to the possession of personal property, though not the owner, may maintain replevin against a party who cannot show a better right to it. Cobbey, sec. 90. The naked possession of goods with claim of right is sufficient evidence of title against one who shows no better title. Cobbey, sec. 60. The right to the possession and dominion of the goods for the time is all that is essential to entitle plaintiff to maintain its action. Johnson v. Carnley, 10 N. Y. 570, 61 Am. Dec. 762; Abbott's Trial Evidence (3d ed.), p. 1863.

7. Tested by these principles, we have no difficulty in determining that as between the plaintiff company and the defendant sheriff the plaintiff has the better right to the possession of the property. In arriving at this conclusion we do not wish to be understood as expressing or intimating any opinion upon any collateral

questions raised in the course of the trial, but we do join in the criticism of the inconsistent positions taken by the plaintiff in the case. We simply hold with the trial court that the plaintiff had a right to the immediate possession of the property at the time of the commencement of the action. To this extent the judgment is affirmed.