HAVERSTICK ET AL. *v.* STATE OF INDIANA.

[No. 24,727. Filed April 28, 1925.]

1. SEARCHES AND SEIZURES.—*One lawfully arrested may be searched, including packages and his automobile.*—Officers may search a person lawfully arrested for misdemeanor committed in their presence, including packages or bags carried, and the automobile in which he is riding when arrested, without a violation of his constitutional rights. p. 148.

2. CRIMINAL LAW.—*Evidence obtained by search after arrest may be used in trial for another offense.*—Where the search

of a defendant was made upon a lawful arrest, the facts thereby discovered may be used in evidence against him, upon trial for another offense than that for which he was arrested. p. 150.

3. INTOXICATING LIQUORS.—*Evidence considered and held to prove transportation.*—Evidence that defendant, who owned the car he was driving, had, in company with another who assisted in the driving, transported six cartons of whisky for another is sufficient to support a verdict of guilty. p. 150.

4. INTOXICATING LIQUOR.—*In prosecution for transportation as a felony instructions on misdemeanor are unnecessary.*—In a prosecution for transporting liquor under Acts 1923, ch. 34, p. 108, which makes transporting in an automobile a felony there is no necessity for instructing the jury as to the misdemeanor of transporting liquor by other methods, when there is no evidence that it was transported in any other way. p. 151.

5. CRIMINAL LAW.—*One objecting to instructions correct in principle, must tender others if desired.*—Where instructions given are correct as far as they go, a failure to give fuller instructions is not cause for reversing a judgment, in the absence of a proper request for instructions covering alleged omissions. p. 151.

6. INDICTMENT.—*The misdemeanor of transporting intoxicating liquors is not a lesser degree of the felony of transporting.*—The misdemeanor of transporting intoxicating liquor defined in Acts 1923, ch. 23, p. 70, in any manner other than by such means as will constitute a felony of transporting by automobile under Acts 1923 p. 108, is not a less degree of the felony defined by the latter statute, but is a wholly different offense committed by entirely different means. p. 152.

7. INTOXICATING LIQUOR.—*In prosecution for felony of transporting the jury may not find verdict of guilty of the misdemeanor.*—In a prosecution for the felony of transporting liquor in an automobile the court properly refused an instruction that in case defendants were found guilty the jury could return a verdict of guilty of a felony or a misdemeanor, since the indictment charged only the felony of transporting in an automobile. p. 152.

8. INTOXICATING LIQUOR.—*Instructions vaguely referring to the Constitution are properly refused.*—In a prosecution for the felony of transporting liquor by automobile an instruction is properly refused which merely lauds the Constitution and asserts that it "can be revoked or altered only by the authority that made it." p. 152.

9. CRIMINAL LAW.—*Instruction characterizing the law as vague and difficult of interpretation is properly refused.*—An instruction is properly refused which characterizes the law under which a prosecution is brought as "so vague and uncertain as to make its interpretation very difficult," as it is the duty of the court to interpret the law and tell the jury what it means, and not to disparage the law.  p. 153.

From Marion Criminal Court (56,152) ; *James A. Collins,* Judge.

Lloyd Haverstick and Thomas Fagin were convicted of transporting liquor in an automobile, and they appeal. *Affirmed.*

*H. B. Pike* and *T. Ernest Maholm,* for appellants.

*U. S. Lesh,* Attorney-General, for the State.

EWBANK, J.—Appellants were charged by affidavit with the offense of unlawfully, knowingly and feloniously transporting intoxicating liquor in an automobile, and being tried by a jury were found guilty, and each was sentenced to pay a fine and suffer imprisonment. Overruling their respective motions for a new trial is the only error assigned.

It was made to appear, without dispute, that two deputy sheriffs of Marion county, Indiana, were driving an automobile toward Indianapolis, along the National Road in said county, near Morris street, when the defendants drove past in a Ford coupe "at the terrific rate" of more than forty-five miles an hour, and turned east in Morris street; that the deputy sheriffs followed and overtook them, when both of the defendants were arrested on the charge of driving at an unlawful rate of speed, to which charge appellant Fagin afterward pleaded guilty, and for which he paid a fine and costs; that after the arrest was made the deputy sheriffs examined the car which defendants had been driving and in a "side pocket" on the side where appellant Haverstick had been sitting, found a loaded revolver, and behind the

cushions a box of cartridges, the ownership of which Haverstick admitted, afterward pleading guilty to the charge of carrying concealed weapons, and paying a fine and costs; that in the back part of the coupe the officers found six cartons, not sealed, each of which contained a five gallon can of "white mule whisky"; that Haverstick owned the car, and they had brought the whisky over from Terre Haute, each driving a few miles, in turn; that a man they met in Terre Haute had promised to pay them $50 for the trip if they would bring the cartons over and deliver them to a person they were to meet in Indianapolis, and that they were hauling the liquor for him.

But the officers had no search warrant at the time they searched the car. And before the jury was sworn appellants filed a verified motion setting up that

1. fact and asking that all evidence of what was learned by making the search should be suppressed, because it was alleged that the search had been made in violation of the constitutional right of the accused, to be secure against unreasonable search and seizure of their effects. Art. 1, §11, U. S. Constitution, §63 Burns 1926, §56 Burns 1914. This motion was overruled and appellants excepted. And they objected and excepted to each of many items of evidence relating to the liquor found in the car, and to the introduction in evidence of one of the cartons of whisky. They specified as reasons for asking a new trial each of said rulings, and also that the verdict is not sustained by sufficient evidence, insisting that there was no evidence tending to prove them guilty except what was unlawfully obtained by an unreasonable search and seizure. The right of officers to search a person upon lawfully putting him under arrest, as was done in this case under the facts stated, is affirmed by all the authorities. *State, ex rel.,* v. *Clausmeier* (1900), 154 Ind. 599, 57 N. E.

541, 50 L. R. A. 73, 77 Am. St. 511; *Weeks* v. *United States* (1913), 232 U. S. 383, 392, 34 Sup. Ct. 341, 344, 58 L. Ed. 652, L. R. A. 1915B 834, Ann. Cas. 1915C 1177; *French* v. *State* (1891), 94 Ala. 93, 10 So. 553; *People* v. *Beach* (1911), 49 Colo. 516, 520, 113 Pac. 513, 37 L. R. A. (N. S.) 873; *State* v. *Magnano* (1922), 97 Conn. 543, 117 Atl. 550; *State* v. *Gulczynski* (1922), 120 Atl. (Del.) 88; *Haile* v. *Gardner* (1921), 82 Fla. 355, 360, 91 So. 376; *Dozier* v. *State* (1899), 107 Ga. 708, 33 S. E. 418; *North* v. *People* (1891), 139 Ill. 81, 107, 28 N. E. 966; *State* v. *Hassan* (1910), 149 Iowa 518, 524, 128 N. W. 960; *Turner* v. *Commonwealth* (1921), 191 Ky. 825, 830, 231 S. W. 519; *Getchell* v. *Page* (1908), 103 Me. 387, 69 Atl. 624, 18 L. R. A. (N. S.) 253, 125 Am. St. 307; *People* v. *Cona* (1914), 180 Mich. 641, 147 N. W. 525; *Toliver* v. *State* (1923), 133 Miss. 789, 98 So. 342; *Holker* v. *Hennessey* (1897), 141 Mo. 527, 540, 42 S. W. 1090, 39 L. R. A. 165, 64 Am. St. 524; *Azparren* v. *Ferrel* (1920), 44 Nev. 157, 191 Pac. 571, 11 A. L. R. 678; *O'Connor* v. *Bucklin* (1879), 59 N. H. 589; *State* v. *Mausert* (1915), 88 N. J. Law 286, 95 Atl. 991, L. R. A. 1916C 1014; *People* v. *Chiagles* (1923), 237 N. Y. 193, 197, 142 N. E. 583, 32 A. L. R. 676; *State* v. *McDaniel* (1901), 39 Ore. 161, 65 Pac. 520; *Hughes* v. *State* (1921), 145 Tenn. 544, 569, 238 S. W. 588, 20 A. L. R. 639; *Quivers* v. *Commonwealth* (1923), 135 Va. 671, 674, 115 S. E. 564; *State* v. *Nordstrom* (1893), 7 Wash. 506, 35 Pac. 382; *State, ex rel.,* v. *Brown* (1914), 83 Wash. 100, 145 Pac. 69; *State* v. *Edwards* (1902), 51 W. Va. 220, 41 S. E. 429, 59 L. R. A. 465; *Thornton* v. *State* (1903), 117 Wis. 338, 345, 93 N. W. 1107, 98 Am. St. 924; *Wiggin* v. *State* (1922), 28 Wyo. 480, 206 Pac. 373; 1 Wharton, Criminal Proc. (10th ed.) §97; 2 R. C. L., 467; Note 32 A. L. R. 681.

The search may extend to the contents of a package, bundle or bag carried by the person arrested. *State* v.

*Gulczynski, supra; State* v. *Hassan, supra; Turner* v. *Commonwealth, supra.* And the right to search an automobile in which the accused was riding at the time of such lawful arrest has been repeatedly upheld. *Patrick* v. *Commonwealth* (1923), 199 Ky. 83, 250 S. W. 507; *Toliver* v. *State, supra; Azparren* v. *Ferrel, supra; Hughes* v. *State, supra; United States* v. *Neadeau* (1924), 2 Fed. (2d Series) 148.

Where the search was not an invasion of any rights of the accused but was lawfully made pursuant to a legal arrest, the facts thereby discovered may be 2. used in evidence against him. And the legality of the arrest being clear, the fact that articles found on his person or in his immediate possession were being used in the commission of an offense other than the one for which the arrest was made is not sufficient cause for excluding evidence of what the search disclosed, when he is placed on trial for such other offense. *French* v. *State, supra; State* v. *Magnano, supra; Dozier* v. *State, supra; Getchell* v. *Page, supra; Toliver* v. *State, supra; Wiggin* v. *State, supra; Milam* v. *United States* (1924), 296 Fed. 629.

If an officer, upon searching a person lawfully arrested for the commission of a public offense, should find in his possession a set of burglar tools and 3. articles stolen from a house recently broken into, or implements for making counterfeit money and a quantity of coin or bills unlawfully made, or the body of a murdered man and the bloody weapon used in killing him, the person searched would not be granted immunity from prosecution for burglary or counterfeiting or murder, as the case might be, because the evidence of his guilt was discovered only through the search, even though the original arrest was for an entirely different crime. And appellants having been placed under arrest before the search was made, on a charge of the commis-

sion of a misdemeanor in the view of the officers, to which a plea of guilty was afterward entered, no error was committed in refusing to suppress the evidence discovered by means of the search, or in admitting evidence at the trial of what the officers found when making the search; and there was competent evidence sufficient to sustain the verdict of guilty.

Appellant complains that the trial court limited its instructions to the law which makes it a felony to transport intoxicating liquor in any wagon, buggy, automobile, water or air craft, or other vehicle (§1, ch. 34, Acts 1923 p. 108) and said nothing about the statute which makes it a misdemeanor to transport such liquor by other means (§1, ch. 23, Acts 1923 p. 70). But we have not been referred to any evidence tending to prove that defendants transported liquor otherwise than in an automobile, nor have we discovered any in the record. And the court is only required to give instructions which are applicable to the evidence as well as the issue. *Davis* v. *State* (1898), 152 Ind. 34, 38, 51 N. E. 928, 71 Am. St. 322. Moreover it does not appear from the briefs of appellants that they asked an instruction undertaking to apply to any facts of which there was evidence the law making it a misdemeanor to transport intoxicating liquor otherwise than by the vehicles mentioned. And where the instructions given were correct as far as they went, a mere failure to give further instructions is not cause for reversing the judgment, in the absence of a proper request for instructions covering the omitted legal proposition. *Reynolds* v. *State* (1897), 147 Ind. 3, 10, 46 N. E. 31; *Epple* v. *State* (1921), 190 Ind. 87, 90, 129 N. E. 403; *Chesterfield* v. *State* (1924), 194 Ind. 282, 141 N. E. 632.

The misdemeanor defined by ch. 23, Acts 1923 p. 70, of transporting intoxicating liquor on foot, or on horse-

back, or in any manner other than by such means
6.   as will constitute a felony under the provisions
of ch. 34, Acts 1923 p. 108, is not a less degree
of the felony defined by the latter statute, but is a
wholly different offense, committed by entirely different
means.    To carry liquor on foot or on horseback is nc·
the same act as to carry it in an automobile and one
such offense does not embrace the other.

The court properly refused to give an instruction that
in case appellants were found guilty, the jury could
either return a verdict finding them guilty of a
7.   felony, leaving the penalty to be fixed by the
court under the indeterminate sentence law, or
find them guilty only of a misdemeanor, and impose
a fine, with imprisonment in the county jail.    The in-
dictment charged them only with the felony of trans-
porting intoxicating liquor in an automobile, and not
with the commission of a misdemeanor by transporting
it in some other way.

The jury returned a separate verdict as to each de-
fendant, naming him, finding his age, and finding that
he was guilty.    Appellants were not harmed by any
irregularity in giving instructions as to the form of the
verdict.

Instruction No. 36, asked by appellants, consisted of a
laudation of "the Constitution" as "the supreme law,
paramount to the power of the legislature," but
8.   contained no explanation of nor reference to any
provisions of the Constitution, nor of any statute
or rule of law applicable to the facts of this case, and
amounted to nothing more than an assertion that the
Constitution "can be revoked or altered only by the au-
thority that made it."    No error was committed in re-
fusing to give this instruction.

By their requested instruction No. 38 appellants asked
the court to characterize the law under which they were

being prosecuted as "so vague and uncertain as
9.  to make its interpretation very difficult," and to
tell the jury that they were the judges of the law
as well as the evidence and might take that fact into
consideration in deciding the question of guilt or inno-
cence.  This instruction was properly refused.  It is
the duty of the court by its instructions to interpret the
law and tell the jury what it means; not to turn them
adrift on an uncharted course, without rudder or com-
pass, with directions to doubt the meaning of a statute.
"In charging the jury the court must state to them all
matters of law which are necessary for their informa-
tion in giving their verdict."  §2301 Burns 1926, §2136
Burns 1914, §1, Acts 1909 pp. 257, 258; *Bridgewater*
v. *State* (1899), 153 Ind. 560, 566, 55 N. E. 737; *An-
derson* v. *State* (1885), 104 Ind. 467, 477, 478, 4 N. E.
63, 5 N. E. 711.  And it is no part of his duty to dis-
parage the law as so declared.  *Bridgewater* v. *State,
supra; Kennedy, Admr.,* v. *Bebout* (1878), 62 Ind. 363;
*Clifford* v. *State* (1877), 56 Ind. 245, 251.

Appellants excepted to the refusal to give some other
requested instructions, but they are not set out in the
briefs, and no question as to the propriety of such refusal
is presented.  All the questions of law discussed by
counsel for appellants have been fully considered and
decided by what was said above, and we find no cause
for reversal.

The judgment is affirmed.