THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS RÍOS FLORES, Defendant and Appellant.

No. 14799.   Argued December 6, 1950.—Decided December 13, 1950.

Manuel A. García Méndez, Manuel A. García Hermida, and José Veray, Jr., for appellant. Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court, and Frank Vizcarrondo Vivas, Assistant Fiscal, for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The defendant was charged with carrying a prohibited weapon. He was convicted and sentenced to two months in jail. On appeal, he contends first that the lower court erred in not holding that the weapon was seized as a result of an illegal search.

A policeman testified that he was given an order of arrest against the defendant charging the latter with a crime against nature; that he waited for the defendant, who was coming home in his car from one of his farms; that when the defendant arrived, the witness ordered him to stop; that the witness entered the car, seated himself alongside the defendant and told him he was under arrest; that he showed him the order of arrest, read it to him and gave it to him to read; that the defendant said he wished to eat lunch first, but the witness

insisted that the defendant had to go with him immediately to the police station; that the defendant drove to a place near the station; that when the defendant parked the car, the witness saw a pistol in the glove compartment which was partly open; and that he then took the pistol out of the glove compartment.

On the other hand, the defendant testified that the policeman neither informed him he was under arrest nor gave him any order of arrest when he first accosted him. Rather, according to the defendant, the policeman simply requested him to accompany him to the station because the Chief had ordered the policeman to ask him to come there. They went together in his car to the station, where for the first time he was given the order of arrest by another policeman.

The defendant contends that his version as to the arrest rather than that of the policeman should have been believed by the lower court. The defendant was tried on the charge of a crime against nature and was acquitted by a jury. The testimony of the policeman in the latter case was presented in the instant case to impeach his credibility. According to the defendant, the testimony of the policeman at the earlier trial was that the arrest was made after they got out of the automobile at the police station and was therefore in conflict with his testimony here.

■ We do not stop to determine whether the testimony of the policeman at the two trials was contradictory. At the most, his earlier testimony could be considered as impeaching his credibility. After taking into consideration all the testimony, including the alleged contradictory testimony at the earlier trial, the lower court resolved the conflict in the evidence as to the time of the arrest in favor of the government. There is no basis in the record for disturbing the finding that the arrest occurred when the policeman first got into the defendant's car.

■ The policeman having made a valid arrest, he was entitled to make a search incidental thereto. This could in-

clude (1) a search of the defendant's person; (2) a search of the place where the arrest was made for fruits of the crime or for the means by which it was committed; and (3) a search of the place where the arrest was made for weapons and other things the defendant might use to effect an escape from custody. *United States* v. *Rabinowitz*, 339 U. S. 56, 61, and cases cited; *Harris* v. *United States*, 331 U. S. 145, 151; *People* v. *Santos*, 71 P.R.R. 288; *Haverstick* v. *State*, 147 N. E. 625 (Ind., 1925). The right to make such searches as an incident of a valid arrest is recognized even by the dissenting Justices in *Davis* v. *United States*, 328 U. S. 582, 609–11.[1]

█ The rationale of the doctrine permitting a search for weapons as incidental to a valid arrest is found in the language of Judge Cardozo reading as follows: "The peace officer empowered to arrest must be empowered to disarm. If he may disarm, he may search, lest a weapon be concealed. The search being lawful, he retains what he finds . . .". *People* v. *Chiagles*, 142 N. E. 583, 584 (N. Y., 1923). And evidence obtained as a result of such a legal search may be used in support of a charge in no way related to the charge for which the arrest was made. *Harris* v. *United States*, *supra*, pp. 154–5; *Haverstick* v. *State*, *supra*.

In the usual case a defendant is arrested in his home or place of business which is thereupon searched as an incident of the arrest. But the same principle applies when he is apprehended in an automobile. *Harverstick* v. *State*, *supra*. In fact, given the same circumstances, the right to search the car is an *a fortiori* case. That is because the Supreme Court recently indicated in *Brinegar* v. *United States*, 338 U. S. 160, 176–77, that the very strict standards relating to the searching of homes or other places of privacy are not wholly applicable to a swiftly moving vehicle travelling on a public

---

[1] *People* v. *Nieves*, 67 P.R.R. 283, and *People* v. *Rosado*, 62 P.R.R. 187, are distinguishable because the searches therein were not based on valid arrests.

highway.  See *Husty* v. *United States*, 282 U. S. 694; *People* v. *Díaz*, 71 P.R.R. 472.[2]

The rule justifying a search for weapons incidental to a valid arrest applies to the facts of this case.  The defendant was arrested in his car which he used to drive himself and the arresting officer to the police station.  In order to disarm him and to prevent escape from custody, the policeman was entitled to search the glove compartment which was within easy reach of the defendant from the driver's seat.  Consequently, the fruits of such a legal search could be used as evidence on the charge of carrying a prohibited weapon even though the search was incidental to arrest for the unrelated charge of a crime against nature.

█ In view of the foregoing, we need only advert briefly to the contention of the defendant that the lower court should have believed the testimony of the defendant that the glove compartment was closed rather than partly open during the trip to the station.  Here the defendant once more points to the alleged contradictory testimony by the policeman at the earlier trial.  In addition, the defendant testified that he had no gun at all in the compartment and that the gun was produced for the first time by the policeman at the station from some source unknown to the defendant.  There are two answers to this argument.  In the first place, as on the question of the time of arrest, the lower court believed the testimony of the policeman that the compartment was partly open and that it actually contained a gun.  In the second place, even if the compartment was closed, as the defendant testified, the policeman as already noted was entitled to search it to assure himself that it did not contain a weapon which the defendant could use to escape from custody.  If he did and

---

[2] It should be noted that despite the less strict standards with reference to automobiles, there must under all the circumstances still be probable cause in order to justify arrest without a warrant of an occupant of a moving vehicle.  In the absence of probable cause, such an arrest and a search incidental thereto would be illegal.

found a gun, as the lower court believed, the question of whether the compartment was closed or partly open is immaterial.

█ The next assignment is that the lower court abused its discretion in refusing the request of the defendant for an ocular inspection of the car, a 1948 Ford pick-up. The defendant asserted that the car had been out of the control of the defendant since his arrest and was in the custody of the lower court by virtue of an attachment in a civil suit. He argued that an inspection would show that the glove compartment was so constructed that it could not have been partly open and that on the contrary it had to be either completely open or closed. The lower court denied the request, stating that it did so because of its doubt as to whether the compartment was in the same condition at the time of trial as on the day of arrest. We cannot say that the lower court thereby abused its discretion, particularly as we have already held that the policeman was entitled to search the glove compartment for a weapon even if, as the defendant contends, it was closed at the time. *People* v. *Cruz*, 60 P.R.R. 112; *Martínez* v. *Martínez*, 68 P.R.R. 191; *People* v. *Sarria*, 57 P.R.R. 865.

█ Finally, the defendant contends that the district court erred in weighing the evidence. As the record contains sufficient evidence to sustain the judgment of the lower court, we cannot interfere with its action in this respect.

The judgment of the district court will be affirmed.